**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John R. MAZAK, Defendant-Appellant.**

No. 85–2593.

United States Court of Appeals, Seventh Circuit.

Submitted March 10, 1986.

Decided April 28, 1986.

Rehearing and Rehearing En Banc Denied July 1, 1986.

John R. Mazak, Lompoc, Cal., for defendant-appellant.

Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., Eric J. Klumb, Lawrence O. Anderson and Stephen J. Liccione, Asst. U.S. Attys., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and POSNER and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

In 1983 Mazak was convicted by a jury of making a false statement in acquiring a firearm, in violation of 18 U.S.C. § 922(a)(6), and of receiving a firearm illegally in interstate commerce, in violation of 18 U.S.C. § 922(h)(1), and was given consecutive three-year prison terms on each charge. He appealed, arguing among other things that consecutive terms were barred by the constitutional prohibition against double jeopardy. We rejected this as well as his other arguments, and affirmed his conviction and sentence in an unpublished opinion (No. 83–2946, June 18, 1984). 738 F.2d 442. He then moved the district court for correction of sentence under Rule 35(a) of the Federal Rules of Criminal Procedure, which allows an illegal sentence to be corrected at any time. In the motion he again argued, on the same grounds advanced and rejected in his direct appeal, that the consecutive sentences were double jeopardy. Noting that the argument had been raised and rejected before, the district judge said that it "does not merit much discussion here," but he nevertheless addressed the argument on the merits, rejected it, and denied the motion. Mazak has appealed this denial. He thus brings back to us the same ground for

invalidating his sentence that we rejected when he appealed the first time.

■ Although Rule 35(a), in allowing correction of an illegal sentence at any time, has been held to permit successive motions without encountering the bar of res judicata, see, e.g., *Grant v. United States*, 308 F.2d 728 (5th Cir.1962) (per curiam); *United States v. Quon*, 241 F.2d 161 (2d Cir.1957); *Ekberg v. United States*, 167 F.2d 380, 384 (1st Cir.1948), by analogy to the treatment of successive motions under 28 U.S.C. § 2255 (the federal prisoner's substitute for habeas corpus), see, e.g., *Sanders v. United States*, 373 U.S. 1, 15–17, 83 S.Ct. 1068, 1077–1078, 10 L.Ed.2d 148 (1963); *Heflin v. United States*, 358 U.S. 415, 420, 79 S.Ct. 451, 454, 3 L.Ed.2d 407 (1959) (concurring opinion), we agree with Judge Magruder and his colleagues on the First Circuit that the law of the case doctrine is applicable. *Ekberg v. United States, supra*, 167 F.2d at 384 n. 4. The Fifth Circuit so held recently in a case similar to this. See *Paul v. United States*, 734 F.2d 1064 (5th Cir.1984). In rejecting the defense of res judicata in section 2255 proceedings, the Supreme Court in *Sanders v. United States, supra*, did not discuss the law of the case doctrine, but its discussion of the circumstances under which a district court may refuse to entertain a successive motion under section 2255 seems consistent with the application of the doctrine. See, e.g., 373 U.S. at 17, 83 S.Ct. at 1078. We have found no contrary precedent. We hold that once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district judge asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it. And similarly we will be bound on a subsequent appeal, subject always of course to the flexible contours of the law of the case doctrine.

■ The district judge therefore should not have reexamined afresh the identical double jeopardy argument that Mazak had made to us in his direct appeal and that we had rejected, unless an intervening change in law or some other special circumstance warranted reexamination of this issue, and there is no suggestion that any did. Equally, we shall not reexamine our original decision, but shall follow it as having established the law of the case. The doctrine of law of the case is flexible (unlike res judicata, which is both inflexible and inapplicable to many post-conviction motions, including those based on grounds of double jeopardy, as Mazak's is). It will not be enforced where doing so would produce an injustice. See, e.g., *Devines v. Maier*, 728 F.2d 876, 880 (7th Cir.1984); *Paul v. United States, supra*, 734 F.2d at 1066. But it does apply to Rule 35 unless some reason is shown for not applying it, and none was here.

*Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), and cases following it such as *United States v. Baugh*, 787 F.2d 1131 (7th Cir.1986) (per curiam), and *United States v. Broce*, 781 F.2d 792 (10th Cir.1986) (en banc), require no different conclusion, merely because the ground of appeal that Mazak tendered and lost and tenders again is double jeopardy. The cases we have just cited hold that a guilty plea is not a waiver of appeal (or of collateral attack as under Rule 35(a)) on grounds of double jeopardy. The cases conceive a guilty plea as a waiver of any challenge to the government's evidence of guilt and of most but not all other challenges that the defendant might have made to being convicted, but not as a waiver of the argument that the evidence does not make out a crime for which the defendant can be punished (perhaps because he already has been punished). There is no issue of waiver in this case. Mazak did not plead guilty. No one is suggesting that he waived his right to appeal from his conviction and sentence, or to file a Rule 35(a) motion, on grounds of double jeopardy. No one is questioning his right to bring successive Rule 35(a) motions on different grounds (a "splitting" of claims that would be forbidden if res judicata were applicable to Rule 35(a)). The only question is whether the district judge may and we must decide the merits of his

double jeopardy argument afresh, after deciding the identical question on his previous appeal. We think not. Our decision established the law of the case for the guidance of any subsequent proceedings arising out of Mazak's conviction.

AFFIRMED.