**Patrick A. MARADA and Paul D. Marada, Petitioners,**

v.

**UNITED STATES of America, Respondent.**

Nos. 82–30094, 87–3101.

United States District Court, C.D. Illinois, Springfield Division.

April 13, 1987.

Patrick A. Marada, Paul D. Marada, pro se.

No appearance for respondent.

OPINION ORDER

MILLS, District Judge:

A point of no return—a moment of finality—to all litigation must be reached.

If ever a time for such finality arose, it is now—in this criminal prosecution of the Maradas. They have had more than their day in court, they have had *years.*

This Court now finishes the final chapter in Case No. 82–30094 and closes the book. Society's interest in achieving a truly final result to this criminal prosecution is now paramount.

Patrick A. Marada and Paul D. Marada move this Court to vacate their sentences

pursuant to 28 U.S.C. § 2255. As required by Rule 4(b) of the rules governing § 2255 proceedings, the Court has examined the motion, together with the record relating to the judgment under attack, and finds that the United States Attorney should not be compelled to answer.

The petition is wholly without merit. Summary dismissal is proper.

## Background

The Maradas have tirelessly wound their way through the federal judicial system and three federal district judges in an effort to overturn the punishment being visited upon them because of their crimes. Their journey may be summarized as follows: The Maradas are currently incarcerated at the Federal Correctional Institute in Terre Haute, Indiana. They are impounded as a result of a jury verdict convicting them of mailing threatening letters to two 16–year–old girls. On May 6, 1983, the late Judge J. Waldo Ackerman sentenced the Maradas to a total of 12 years' incarceration on three counts of mailing threatening communications, followed by a five-year term of probation on a fourth count.

Thereafter, the Maradas directly appealed their convictions and sentences to the Seventh Circuit Court of Appeals. The reviewing court, addressing the only three issues raised, held that the district court (1) did not improperly admit evidence of acts and crimes unrelated to the crime charged; (2) did not improperly limit the defense counsel's closing argument; and (3) did not violate their Eighth Amendment rights by imposing excessive sentences. *United States v. Marada,* 727 F.2d 1112 (7th Cir. 1984).

After affirmance of both their convictions and their sentences, the Maradas returned to the district court, moving that the Court correct their reputedly "illegal" sentences under Fed.R.Crim.P. 35. The motion was denied by Judge Harold A. Baker. On appeal, the Maradas claimed that the imposition of four consecutive sentences violated the double jeopardy clause of the constitution, and that the jury failed to separately consider each of the counts in their indictment. In an unpublished opinion, the Court of Appeals held these contentions meritless, and affirmed Judge Baker's denial of the motion. *United States v. Marada,* 785 F.2d 312 (7th Cir.1986).

The Maradas next instituted a civil action under 28 U.S.C. § 2255 in this district court. They alleged for the first time that the attorney who represented them both at trial and on the direct appeal of their criminal convictions had a conflict of interest arising out of his joint representation of both Maradas. In addition, they maintained that they should have been resentenced due to the district court's noncompliance with amended Rule 32(c)(3). Again, the Court of Appeals affirmed the dismissal of their civil action. *Marada v. United States,* 804 F.2d 143 (7th Cir.1986).

Despite these setbacks, the Maradas are not discouraged. Their current motion under § 2255 sets forth in excruciating detail five reasons why they claim their detainment is unlawful: (1) an improper amendment of and variance of proof from the indictment; (2) improper admission of acts and crimes unrelated to the crimes charged; (3) failure of the trial judge to inquire into the competency of a witness; (4) erroneous suppression of admissible testimony; and (5) Government abuse of process. Each of these arguments are unavailing.

## Discussion

■ The Court initially notes that all but one (contention # 2 above) of the Petitioners' claims are raised for the first time in this action. Thus, the issue of waiver arises with respect to the new contentions. This tribunal need look no further than the Seventh Circuit's recent decision in *Norris v. United States,* 687 F.2d 899 (7th Cir. 1982), for guidance. There, the Court ruled that a failure to raise constitutional challenges to a conviction and sentence on direct appeal or in post-conviction motions bars a defendant from raising the same issues under § 2255 absent a showing of good cause for and prejudice from the failure to do so. 687 F.2d at 903–04. *See also United States v. Frady,* 456 U.S. 152, 102

S.Ct. 1584, 71 L.Ed.2d 816 (1982) (defendant's failure to object to an erroneous jury instruction either at trial or on direct appeal barred him from raising the issue in a § 2255 proceeding absent a showing of "cause and prejudice"); *Williams v. United States,* 805 F.2d 1301 (7th Cir.1986) ("cause and prejudice" standard applies to claims of ineffective counsel). The underpinning of the "cause and prejudice" rule is finality; at least in this circuit, a lesser standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected. *Williams,* 805 F.2d at 1304. In this case—where the Defendants' convictions have been reviewed on three separate occasions—that time of expected finality has long since expired.

Four of the five grounds raised by the Maradas in this action are waived under the *Norris* standard. They have had numerous opportunities—both during and post-trial and with the assistance of counsel—to claim that the trial judge erroneously suppressed evidence, that the Government's amendment of the indictment was unfairly prejudicial, or that the judge should have inquired into the competency of a witness. Clearly, the time for objecting to these kinds of alleged error was on appeal. The Maradas have shown absolutely no cause for their failure to do so, and have therefore waived those issues. As expressed in *Williams,* 805 F.2d at 1308:

> The question is not whether [the defendant] raised the issue, but rather whether he could have and simply failed without cause to do so. If this were not the case, litigants would be free to keep issues in reserve while presenting challenges to their convictions and sentences one issue at a time. Especially at a time when the federal courts are drowning in litigation, the presumption is against piecemeal litigation and it is the movant's burden to overcome the presumption by showing that he has a good reason for proceeding in this manner.

*See also Taylor v. United States,* 798 F.2d 271, 273 (7th Cir.1986).

The Maradas' one contention that was raised previously—that the trial judge improperly admitted evidence of acts and crimes unrelated to the crimes charged—fails on another ground. The issue was considered and decided by the Seventh Circuit on direct appeal: the Court finding that other acts committed by the Maradas were admissible under Fed.R.Evid. 404(b) to show plan, knowledge and identity of the perpetrators. *Marada,* 727 F.2d 1112.

██ Because the Court of Appeals has already considered the "other acts" issue, the "law of the case" doctrine binds this tribunal to the superior court's resolution of the question. Under that doctrine, once the Court of Appeals has decided the merits of a ground of appeal, "that decision establishes the law of the case and is binding on a district judge asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it." *United States v. Mazak,* 789 F.2d 580, 581 (7th Cir.1986). In *Mazak,* the Court established that the doctrine of law of the case is applicable to Rule 35; this Court finds no basis for a distinction with respect to § 2255 proceedings. Since there is no suggestion that enforcement of the doctrine would result in injustice (as would be the case, for example, if there was an intervening change in law), *see, e.g., Devines v. Maier,* 728 F.2d 876, 880 (7th Cir.1984), it shall be followed.

### Order

*Ergo,* the Maradas' motion under 28 U.S.C. § 2255 to vacate sentence is DENIED pursuant to Rule 4(b).

This case is CLOSED.