852 F.2d 1290
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony James BRIDGEPORT, Defendant-Appellant.
 No. 87-1062.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 22, 1988*.
Decided July 26, 1988.
 Before WALLACE, SNEED, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony James Bridgeport, a federal prisoner, appeals the district court's denial of his Fed.R.Crim.P. 36 motion to correct his sentence. This motion is the third Rule 36 motion Bridgeport has filed. The first was filed on October 1, 1986, and asked the district court to correct his prison sentence by crediting him with the time he spent released on bond pending trial and appeal. The district court denied the motion on two alternative grounds: either the motion was intended as a Rule 35 motion, in which case it was untimely filed; or it was in fact a Rule 36 motion, which necessarily is limited to correction of clerical errors. The court found that there were no clerical errors to correct. Bridgeport did not appeal from that decision.
 
 
 3
 He filed another motion under Rule 36 on December 9, 1986, again asking to have his sentence corrected to account for time spent on bond. The district court again denied the motion. It construed it as a Rule 35 motion and dismissed it as untimely filed. Again, Bridgeport did not appeal.
 
 
 4
 Bridgeport filed the motion presently before us on January 7, 1987. The government opposed the motion on its merits and pointed out that it was "nearly identical" to the December 9 motion. The court again denied the motion, this time giving no reasons. Bridgeport filed a motion for reconsideration which the court also denied, and then filed this appeal.
 
 
 5
 While we seriously doubt that repetitive filings of the same motion can extend the time of appeal indefinitely, we dispose of this case on another distinct, but related, ground.
 
 
 6
 It is clear that all three motions raise the same claim: that Bridgeport is entitled for credit for time spent on bond. Claim preclusion may be inappropriate in motions under Rule 35 or 36. See United States v. Mazak, 789 F.2d 580, 581 (7th Cir.1986). In denying Bridgeport's first motion, the district court resolved two issues adversely to Bridgeport. Collateral estoppel now prevents him from relitigating those issues. See Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir.1985) ("Collateral estoppel precludes relitigation of issues actually litigated and necessarily determined by a court."). We find that the adverse resolution of those issues necessarily defeats Bridgeport's claim.
 
 
 7
 AFFIRMED.
 
 
 8
 WALLACE, J., concurs only in the result.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3