STATE of North Dakota, Plaintiff and Appellant,

v.

Clarence MEIER, Defendant and Appellee.

Cr. No. 880246.

Supreme Court of North Dakota.

Feb. 10, 1989.

James W. Wold (argued), State's Atty., Cooperstown, for plaintiff and appellant.

C. Charles Chinquist (argued), Fargo, for defendant and appellee.

LEVINE, Justice.

The State appeals from a district court order which denied the State's motion to correct an illegal sentence and ordered that a prior criminal judgment finding Clarence Meier guilty of class C felony reckless endangerment be amended to redesignate the offense as a class A misdemeanor. We reverse and remand.

Meier was found guilty of reckless endangerment under § 12.1–17–03, N.D.C.C.,[1] following a bench trial in December 1986. The conduct giving rise to the conviction was Meier's act of pointing a rifle, which was later determined to be unloaded, at two police officers. In that proceeding, the trial court found that "the offense does fall within the Class C felony category. The circumstances manifest an extreme indifference to the value of human life...." The trial court sentenced Meier to one year's imprisonment at the State Farm with six months of the sentence suspended. Meier appealed to this court.

While the appeal was pending, the State filed with the trial court a motion to correct an illegal sentence pursuant to Rule 35(a), N.D.R.Crim.P.,[2] contending that under § 12.1–32–02.1, N.D.C.C.,[3] the trial court was required to sentence Meier to at least two years' imprisonment. The trial court issued an order changing Meier's sentence to two years' imprisonment.

A majority of this court affirmed Meier's conviction for class C felony reckless endangerment in *State v. Meier,* 422 N.W.2d 381 (N.D.1988), but reversed the order for correction of sentence because the trial court lacked jurisdiction to correct the sentence after Meier's notice of appeal had been filed. Although one of the issues raised by Meier in that appeal was "whether there was sufficient evidence to prove beyond a reasonable doubt that the defendant manifested an extreme indifference to human life," the majority opinion did not specifically address this question. Rather, we framed the issue as whether "there was insufficient evidence to convict [Meier] of reckless endangerment," and concluded that the evidence was sufficient. *State v. Meier, supra,* 422 N.W.2d at 383.

After our decision was rendered, the State again filed with the trial court a motion to correct an illegal sentence arguing that Meier must be sentenced in accordance with § 12.1–32–02.1. Meier responded to the motion by requesting that the State's motion be denied, that his conviction "be redesignated as a Class A Misdemeanor," and that the original sentence be retained. The trial court, relying upon a quotation from the Model Penal Code in the

1. Section 12.1–17–03, N.D.C.C., provides:
 "*12.1–17–03. Reckless endangerment.* A person is guilty of an offense if he creates a substantial risk of serious bodily injury or death to another. The offense is a class C felony if the circumstances manifest his extreme indifference to the value of human life. Otherwise it is a class A misdemeanor. There is risk within the meaning of this section if the potential for harm exists, whether or not a particular person's safety is actually jeopardized."

2. Rule 35(a), N.D.R.Crim.P., provides:
 "RULE 35. CORRECTION OR REDUCTION OF SENTENCE
 "*(a) Correction of Sentence.* The sentencing court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

3. Section 12.1–32–02.1, N.D.C.C., provides:
 "*12.1–32–02.1. Minimum prison terms for armed offenders.* Notwithstanding any other provisions of this title, minimum terms of imprisonment shall be imposed upon an offender and served without benefit of parole when, in the course of committing an offense, he inflicts or attempts to inflict bodily injury upon another, or threatens or menaces another with imminent bodily injury with a dangerous weapon, an explosive, or a firearm. Such minimum penalties shall apply only when possession of a dangerous weapon, an explosive, or a firearm has been charged and admitted or found to be true in the manner provided by law, and shall be imposed as follows:
 "1. If the offense for which the offender is convicted is a class A or class B felony, the court shall impose a minimum sentence of four years' imprisonment.
 "2. If the offense for which the offender is convicted is a class C felony, the court shall impose a minimum sentence of two years' imprisonment.
 "This section applies even when being armed is an element of the offense for which the offender is convicted."

majority opinion stating that " '[a] person commits a misdemeanor if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury' " [*State v. Meier, supra,* 422 N.W.2d at 384],[4] agreed with Meier. The court stated:

> "[U]nder all of the circumstances here, the Court does not believe at this point, and in light of the Supreme Court language, that the circumstances here manifest an extreme indifference to the value of human life as contemplated by Section 12.1–17–13 and the Court will deny the motion to correct the illegal sentence. The Court will grant the motion to amend its previous findings. The Court will find that the defendant's conduct was not under circumstances manifesting an extreme indifference to the value of human life. The findings do indeed make the conviction a Class A Misdemeanor."

An amended criminal judgment was entered reflecting that Meier was convicted of "Reckless Endangerment, Class A Misdemeanor, a lesser included offense of Reckless Endangerment as charged in the information," and the trial court declined to change Meier's original sentence. The State appealed.

The State contends that, because this court had previously affirmed Meier's class C felony conviction, the law of the case doctrine precluded the trial court from amending its prior findings and the criminal judgment to reflect conviction of a class A misdemeanor. It is unnecessary for us to explore the varying contours of the law of the case doctrine because the trial court's error rests upon more fundamental grounds.

 Generally, when a judgment has become final, the trial court loses jurisdiction to alter, amend, or modify that judgment. *See, e.g.,* 49 C.J.S. *Judgments* § 238 (1947). This principle underlies the statutory analysis employed in *John v. State,* 160 N.W.2d 37, 41 (N.D.1968), where this court said that when a "case has been tried, judgment of conviction has been rendered, and sentence has been pronounced, the court loses its jurisdiction." At this point, any attempt by the trial court to amend or modify a final judgment is void unless it is made upon grounds provided by statute or by the Rules of Criminal Procedure for correcting or amending a judgment. *See State v. Rueb,* 249 N.W.2d 506, 509 (N.D.1976); *State v. Gronlie,* 213 N.W. 2d 874, 876–877 (N.D.1973); *see also State v. Lawson,* 356 N.W.2d 893, 894 (N.D.1984). We have applied the same rule to judgments in civil actions:

> " '3. Any order made subsequent to final judgment must be for the purpose of carrying out the provisions of the judgment. Insofar as any such order attempts to modify such judgment, unless made on grounds provided for in the North Dakota Rules of Civil Procedure for amending or correcting a judgment, and unless made within the time provided for such amendment or correction, it is void.' " *Gruebele v. Gruebele,* 338 N.W. 2d 805, 811 (N.D.1983) [quoting *Cokins v. Frandsen,* 136 N.W.2d 377, 378 Syllabus ¶ 3 (N.D.1965) ].[5]

---

4. In *State v. Meier, supra,* we noted that our reckless endangerment statute was modeled after § 1613 of the proposed Federal Criminal Code. Our reference to the Model Penal Code commentaries to its reckless endangerment statute was intended for interpretive purposes. Unlike the proposed Federal Criminal Code section on reckless endangerment which distinguishes between a felony and misdemeanor based upon the degree of recklessness, the Model Penal Code section on reckless endangerment grades the offense only as a misdemeanor. *See* Model Penal Code and Commentaries, Vol. I, pt. II, Commentary to § 211.2, at p. 195 (1980).

5. The rule that a court may not substantively alter a final judgment without specific authorization is widely recognized. *E.g., United States v. DeLeo,* 644 F.2d 300, 301 (3d Cir.1981); *People v. Garcia,* 166 Cal.App.3d 1056, 212 Cal.Rptr. 822, 828 (1985); *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692 (Mo.1979); *Arnold v. State,* 76 Wyo. 445, 306 P.2d 368, 375 (1957); 49 C.J.S. *Judgments* § 238 (1947). Likewise, absent authorization by statute or rule, a trial court is powerless to vacate, modify, or amend a criminal judgment after the judgment has been affirmed on appeal. *See State v. Federico,* 104 Ariz. 49, 448 P.2d 399, 400–402 (1968); *Smith v. State,* 262 Ark. 239, 555 S.W.2d 569, 570 (1977); *State v. Johnson,* 75 Idaho 157, 269 P.2d 769,

Meier has not drawn our attention to, nor have we found, any statute or Rule of Criminal Procedure which authorized the trial court at this point in time to amend the final criminal judgment in this case to a class A misdemeanor by, in effect, reversing his previous finding that the circumstances manifested an extreme indifference to the value of human life.

Although Meier asserts that the trial court's action is authorized by the provisions of Rule 35, N.D.R.Crim.P., we disagree. Rule 35(a) allows a sentencing court to correct an illegal sentence or a sentence imposed in an illegal manner "at any time." Rule 35(b)[6] further allows a sentencing court to reduce a sentence within 120 days after receipt of a mandate issued upon affirmance of an appeal. However, a motion under either subdivision of the Rule presupposes a valid conviction. *See State v. Kottenbroch*, 319 N.W.2d 465, 468–469 (N.D.1982); Explanatory Note to Rule 35, N.D.R.Crim.P., North Dakota Court Rules at p. 315 (West 1988). The "narrow function" of the Rule "is to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962) [Emphasis in original.] *See also U.S. v. Vigil*, 818 F.2d 738, 740 (10th Cir.1987). Issues concerning the validity of a conviction are therefore not cognizable on a Rule 35 motion. *See United States v. Scott*, 688 F.2d 368, 369–370 (5th Cir.1982); *Whitfield v. United States*, 401 F.2d 480, 483 (9th Cir.1968), *cert. denied*, 393 U.S. 1026, 89 S.Ct. 630, 21 L.Ed.2d 570 (1969); *Allen v. United States*, 495 A.2d

1145, 1149–1150 (D.C.Ct.App.1985); 3 Wright, Federal Practice and Procedure: Criminal 2d § 582 (1982); 8A Moore's Federal Practice ¶ 35.06[3][b][v] (2d ed. 1988). The trial court's reversal of its original finding that the circumstances manifested an extreme indifference to the value of human life, which involved a reevaluation of the proof submitted at trial, is not authorized by Rule 35.

Nor can the trial court's action in this case be justified under Rule 36, N.D.R. Crim.P., which allows for the correction "at any time" of clerical mistakes in judgments and errors in the record. Rule 36 does not authorize substantive alteration of a final judgment or reassessment of the merits of an earlier decision after the time for reconsideration or direct appeal has elapsed. *See United States v. DeLeo*, 644 F.2d 300, 301 (3d Cir.1981); *United States v. Jones*, 608 F.2d 386, 389 (9th Cir.1979); Explanatory Note to Rule 36, N.D.R.Crim.P., North Dakota Court Rules at p. 317 (West 1988); *see also Gruebele v. Gruebele, supra*, 338 N.W.2d at 811–812 [Rule 60(a), N.D.R.Civ.P., providing for correction of clerical mistakes in civil judgments "is not a vehicle for relitigating matters that have already been litigated and decided, nor to change what has been deliberately done."] In this case the trial court did not correct a clerical mistake or an error in the record. The record shows that the original written criminal judgment accurately reflects the judgment the trial court pronounced in open court.

Meier asserts that *United States v. Mazak*, 789 F.2d 580 (7th Cir.1986), supports the trial court's reexamination of the offense level of his conviction. In that case,

---

771 (1954); *Harrigill v. State,* 403 So.2d 867, 869 (Miss.1981); *Greenwood v. State,* 381 P.2d 895, 897 (Okl.Ct.Crim.App.1963); *State v. Barnett,* 42 Wash.2d 929, 259 P.2d 404, 405 (1953); 24B C.J.S. *Criminal Law* § 1952(7) (1962).

**6.** Rule 35(b), N.D.R.Crim.P., provides:

 *"(b) Reduction of Sentence.* The sentencing court may reduce a sentence within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by that court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any

order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction or probation revocation. Changing a sentence from a sentence of incarceration to a grant of probation constitutes a permissible reduction of sentence under this subdivision. Relief under this Rule may be granted by the court only upon motion of a party or its own motion and notice to the parties. If the sentencing court grants relief under this Rule, it shall state its reasons therefor in writing."

the Seventh Circuit Court of Appeals held that "once this court has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district judge asked to decide the same issue in a later phase of the same case, *unless there is some good reason for reexamining it.*" *United States v. Mazak, supra,* 789 F.2d at 581 [Emphasis added.] According to Meier, the trial court in this case had "good reason for reexamining" whether the circumstances manifested an extreme indifference to the value of human life because an injustice would otherwise result.

We find the flexible law of the case principles discussed in *Mazak* wholly inapplicable to the circumstances here. In *Mazak,* the defendant had earlier filed a direct appeal from his conviction asserting that consecutive prison terms were, under the circumstances, barred by the constitutional prohibition against double jeopardy. The appellate court rejected the argument and affirmed his conviction in an unpublished opinion. He then moved for correction of sentence under Rule 35(a), Fed.R.Crim.P., asserting the same double jeopardy argument. On appeal from the trial court's denial of the motion, the appellate court found no intervening change in law nor "some other special circumstance," and concluded that the law of the case doctrine precluded reexamination of the issue. *United States v. Mazak, supra,* 789 F.2d at 581. *Mazak* is inapposite to the situation presented here because the double jeopardy issue raised in that case, *i.e.,* whether consecutive sentences may be imposed for violations of federal criminal statutes, is fully cognizable in a Rule 35 proceeding. *See* 8A Moore's Federal Practice ¶ 35.07[3][b] (2d ed. 1988). As we have already noted, a reevaluation of the merits of a conviction cannot be conducted in a Rule 35 proceeding. The flexibility of the law of the case doctrine recognized in *Mazak* is therefore of no help to Meier in this case.

■ It has been said that a trial court has " 'plenary power [within appeal time] to modify his judgment for error of fact or law or even revoke it altogether.' " *Unit-*

*ed States v. Jones, supra,* 608 F.2d at 390 [quoting *United States v. Emens,* 565 F.2d 1142, 1144 (9th Cir.1978)]. However, the principle of finality underlies the rule that absent express authorization by statute or rule, a court may not substantively alter a judgment which has become, as in this case, final. We conclude that the trial court had no jurisdiction to amend the criminal judgment to reclassify Meier's class C felony conviction as a class A misdemeanor.

Accordingly, the order amending the original criminal judgment and denying the State's motion for correction of sentence is reversed. The case is remanded to the trial court for consideration of the State's request that Meier be sentenced according to the provisions of § 12.1–32–02.1, N.D.C.C.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.