979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernest CORNES, Petitioner-Appellant,
v.
James H. THIERET, Respondent-Appellee.
 No. 91-3515.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 18, 1992.*
 Decided Nov. 19, 1992.
 
 Before, BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Our order of August 29, 1990 remanded this case to the magistrate judge for a determination of whether Cornes's sentence as of the date of his reincarceration was 60-to-life or 70-to-life.** Cornes v. Thieret, No. 89-1458, slip op. at 3 (7th Cir. Aug. 29, 1990). The order stated that if the sentence was 60-to-life, Cornes' equal protection claim would fail. Id. On remand, the magistrate judge found that Cornes was in fact serving a 60-to-life sentence. On appeal, we cannot say that this finding was clearly erroneous. Anderson v. City of Bessemer, 470 U.S. 564, 574 (1985). We therefore affirm the magistrate judge's dismissal of Cornes's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
 
 
 2
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 This order establishes the law of the case and precludes consideration of Cornes's parole eligibility argument. See United States v. Mazak, 789 F.2d 580, 581 (7th Cir.1986)