23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Reico CRANSHAW, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2010.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1994.[1]
Decided May 11, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Reico Cranshaw appeals from the district court's denial of his motion to vacate, set aside, or reduce the sentence imposed on him pursuant to 28 U.S.C. Sec. 2255.[2] 817 F.Supp. 723 (N.D.Ill.1993).
 
 
 2
 Cranshaw forfeited review of his claim that the evidence was insufficient to convict him of attempted receipt of an "explosive device" (a light anti-tank weapon or "LAW" rocket) under 18 U.S.C. Sec. 844 because the device was inoperable. Failure to raise a constitutional challenge to a conviction on direct appeal bars a petitioner from raising the issue in a section 2255 proceeding absent a showing of "cause" for the procedural default and "actual prejudice."[3] United States v. Frady, 456 U.S. 152, 167 (1982); Norris v. United States, 687 F.2d 899, 901 (7th Cir.1982). "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedure." Reed v. Ross, 468 U.S. 1, 16 (1984); but see Teague v. Lane, 489 U.S. 288 (1989) (new rules of constitutional interpretation will not, in general, be applied or announced on collateral review). A constitutional claim is not "reasonably available" if the decision establishing that claim (1) explicitly overruled existing Supreme Court precedent, (2) overturned a longstanding and widespread practice to which a "near unanimous" body of lower court authority had adhered, or (3) disapproved of a practice that the Supreme Court had arguably sanctioned in prior cases. Reed, 468 U.S. at 17.
 
 
 3
 Relying on Reed, Cranshaw offers as "cause" the Fourth Circuit's decision in United States v. Blackburn, 940 F.2d 107 (4th Cir.1991). Blackburn held that inert grenades were not "destructive devices" within the meaning of 26 U.S.C. Secs. 5845 and 5861, and could not form the basis for an enhancement under the Sentencing Guidelines. 940 F.2d at 110. Cranshaw argues that Blackburn changed the law such that the government did not meet its burden of proving that the "LAW" rocket was an "explosive device" under 18 U.S.C. Sec. 844. Blackburn, however, falls short of establishing the sort of novelty envisioned by Reed. No lawyer would have to read Blackburn to know that he was entitled to pursue on direct appeal a challenge to the sufficiency of the evidence used by the government to convict his client.
 
 
 4
 Cranshaw's claim that he received ineffective assistance of trial counsel when the prosecution "failed to make 'critical codes' available to the defense until well into trial"[4] is nothing more than a repackaging of the assertion he made, and we rejected, on direct appeal. United States v. McAnderson, 914 F.2d 934, 947 (7th Cir.1990) (rejecting defendants' argument that government's refusal to provide earlier access to decoded transcripts of telephone conversations hampered their trial preparation and violated due process under Brady v. Maryland, 373 U.S. 83 (1963); no Brady violation where government timely provided defendants with decoded transcripts). The doctrine of law of the case precludes Cranshaw from relitigating that claim in this Sec. 2255 proceeding. United States v. Mazak, 789 F.2d 580, 581 (7th Cir.1986).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). Cranshaw has filed such a statement. Upon consideration of Cranshaw's statement, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and record
 
 
 [2]
 Cranshaw, a member of the El Rukns, a Chicago street gang, was convicted on thirty-five counts of a fifty-count indictment for conspiring to commit terrorist acts in the United States in exchange for payment from the Libyan government, 18 U.S.C. Sec. 371; travelling in interstate and foreign commerce with intent to carry out arson, 18 U.S.C. Secs. 2 and 1952(a)(3); using interstate telephone facilities to carry out arson, 18 U.S.C. Secs. 2 and 1952(a)(3); attempting to receive an explosive device in interstate commerce, 18 U.S.C. Secs. 2 and 844(d); and possessing unregistered firearms, 26 U.S.C. Secs. 5861(d), 5871, and 18 U.S.C. Sec. 2. The district court sentenced Cranshaw to sixty-three years in prison and fined him $241,000. Cranshaw appealed his conviction to this court and we affirmed. United States v. McAnderson, 914 F.2d 934 (7th Cir.1990)
 
 
 [3]
 A petitioner raises a constitutional claim when challenging the sufficiency of the evidence used to convict him. Jackson v. Virginia, 443 U.S. 307, 317-18 (1978); Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991) (citing In re Winship, 397 U.S. 358 (1970))
 
 
 [4]
 According to Cranshaw, this failure prevented trial counsel from raising defenses of a multiple conspiracy and of outrageous government conduct