78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William JONES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2363.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1996.*
Decided Feb. 12, 1996.
 
 Before CUMMINGS, WOOD, Jr. and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 William Jones was convicted of conspiring to commit bank robbery, and in December 1991 we affirmed that conviction. United States v. Jones, 950 F.2d 1309 (7th Cir.1991). We considered and rejected two principal arguments: that the evidence was insufficient to support the conviction, and that the evidence did not permit the jury to reject an entrapment defense. Jones has filed a petition under 28 U.S.C. § 2255 seeking to set aside the conviction. The district judge denied that petition, and he was right to do so.
 
 
 2
 Jones presents six issues. Two are the issues we addressed in 1991. Section 2255 does not authorize relitigation of issues fully considered and decided, unless the law has changed in the interim. See United States v. Mazak, 789 F.2d 580 (7th Cir.1986); Norris v. United States, 687 F.2d 899 (7th Cir.1982). Jones does not make such a claim and therefore cannot prevail.
 
 
 3
 Three other contentions--that the indictment was drafted incorrectly (or equivalently that there was a variance between the indictment and the proof), that the prosecution failed to show that the FDIC suffered any loss, and that the district judge should have given the jury a portion of the trial transcript--could have been presented on direct appeal, but were not. Because a collateral attack is not just a belated appeal, with a chance to make all omitted arguments, see Reed v. Farley, 114 S.Ct. 2291 (1994), none of these issues has been preserved for decision.
 
 
 4
 To escape from this forfeiture Jones needs to show cause and prejudice. He tries to do so via his sixth contention: that his attorney furnished ineffective assistance. Jones appears to believe that an attorney is ineffective unless he presents every conceivable issue. Not so. Jones v. Barnes, 463 U.S. 745 (1983), holds that appellate counsel is entitled to, and should, select for argument the strongest issues and omit the rest. That is what Jones's lawyer did. He was well represented on appeal. His problem is that his arguments lack merit, not that his lawyer let him down.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). The appeal was then assigned to the panel that heard the direct appeal, see Internal Operating Procedure 6(b), which has determined that oral argument would not be helpful