**Carlan D. HODGES, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 04–4074.

United States District Court,
S.D. Illinois,
Benton Division.

April 21, 2004.

Carlan D. Hodges, Memphis, TN, Pro se.

J. Christopher Moore, Asst. U.S. Attorney, Office of U.S. Attorney, Fairview Heights, IL, for Respondent.

## OPINION

MILLS, District Judge.

This § 2255 petition is Petitioner's latest bite at the apple.

It is also his last bite.

Petition denied.

## I. BACKGROUND

On June 2, 1999, a jury found Petitioner Carlan D. Hodges guilty of Count I of the Indictment which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and also found him guilty of Count II of the Indictment which charged him with receiving stolen firearms in violation of 18 U.S.C. § 922(j) and § 924(a)(2). On October 8, 1999, the late United States District Judge Paul E. Riley sentenced Hodges to 188 months of imprisonment. This sentence consisted of 120 months for his conviction on Count I of the indictment and 68 months for his conviction on Count II of the indictment, to be served consecutively.[1]

On October 15, 1999, Hodges filed a timely notice of appeal of his convictions and sentence. While his appeal was pending before the United States Court of Appeals for the Seventh Circuit, Hodges' counsel received notification from (then Chief) United States District Judge J. Phil Gilbert that Judge Riley may have had *ex parte* communications with the jury during its deliberations in Hodges' trial. Based upon a motion by Hodges' attorney, the Seventh Circuit issued a general remand to the district court for further proceedings based upon the information subsequently learned regarding Judge Riley's conduct during the trial.

Upon remand, Hodges filed a motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33, based upon the newly discovered allegations of *ex parte* jury communications by Judge Riley. After considering the parties' briefing on the motion and without conducting an evidentiary hearing, the Court allowed Hodges' motion and granted his request for a new trial. *United States v. Hodges*, 110 F.Supp.2d 768 (S.D.Ill.2000). The Government moved for reconsideration, and after the Court denied its motion, the Government appealed the Court's ruling. On appeal, the Seventh Circuit vacated this Court's decision and remanded for further proceedings. *United States v. Bishawi*, 272 F.3d 458 (7th Cir.2001).

After receiving the mandate, the Court conducted an evidentiary hearing as directed by the Seventh Circuit. Thereafter, the Court denied Hodges' motion for a new trial, *United States v. Hodges*, 189 F.Supp.2d 855 (S.D.Ill.2002), and the Seventh Circuit affirmed this Court's denial of Hodges' Rule 33 motion for a new trial and also affirmed Hodges' convictions and the sentence imposed upon him by Judge Riley. *United States v. Hodges*, 315 F.3d 794 (7th Cir.2003). On May 5, 2003, the United States Supreme Court denied Hodges' petition for *certiorari*. *Hodges v. United States*, 538 U.S. 1019, 123 S.Ct. 1943, 155 L.Ed.2d 860 (2003).

Hodges has now filed the instant petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. This is the initial consideration of Petitioner's petition pursuant to Rule 4 of the Rules Governing § 2255 cases.

## II. PETITIONER'S CLAIMS

Hodges has raised four reasons why his convictions and sentence should be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. *First*, Hodges argues that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Specifically, Hodges asserts that his counsel was ineffective for failing to subpoena and offer the testimony of certain witnesses and for failing to conduct a timely and diligent investigation of the facts. *Second*, Hodges contends that he

---

1. Hodges' sentence was also to run concurrent with a state court sentence which he was already serving.

was denied his right to a fair trail when Judge Riley refused to recuse himself after he discovered that he had, prior to being appointed to the bench, acted as defense counsel for one of the witnesses involved in this case.

*Third,* Hodges claims that newly discovered evidence entitles him to the relief which he seeks. Specifically, Hodges asserts that the record will establish that one of the Government's witnesses committed perjury with regard to Hodges' residence. *Fourth,* Hodges argues that there was insufficient evidence presented to convict him of the charges in the Indictment, and he contends that the Government breached its agreement with him when it tendered the jurors who found him guilty as witnesses at the evidentiary hearing on his motion for a new trial.

## III. ANALYSIS

Ordinarily, claims not raised on appeal are procedurally defaulted. *Barker v. United States,* 7 F.3d 629, 632 (7th Cir. 1993). "A § 2255 petition is not a substitute for direct appeal." *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.1996), citing *Theodorou v. United States,* 887 F.2d 1336, 1339 (7th Cir.1989). However, constitutional claims may be raised for the first time in a collateral attack if the petitioner can show cause for the procedural default and prejudice from the failure to appeal. *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *McCleese v. United States,* 75 F.3d 1174, 1177 (7th Cir.1996). If a petitioner is unable to demonstrate both cause and prejudice, Petitioner may be able to obtain habeas review only if he can persuade the Court that the dismissal of his petition would result in a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

In the instant case, Hodges has not procedurally defaulted on his claims that one of the Government's witnesses committed perjury and that there was insufficient evidence presented by the Government at trial to sustain his convictions because he presented those grounds on direct appeal to the Seventh Circuit. *Hodges,* 315 F.3d at 799–801.

However, the Seventh Circuit has explained that "once this court [the Seventh Circuit] has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district judge asked to decide the same issue in a later phase of the same case, unless there is some good reason for re-examining it." *United States v. Mazak,* 789 F.2d 580, 581 (7th Cir.1986); *see Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)(holding that "the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."). "The doctrine, however, allows some flexibility, permitting a court to revisit an issue if an intervening change in the law, or some other special circumstance, warrants reexamining the claim." *United States v. Thomas,* 11 F.3d 732, 736 (7th Cir.1993). "It [the law of the case doctrine] will not be enforced where doing so would produce an injustice." *Mazak,* 789 F.2d at 581.

In the instant case, the Court finds no good reason to re-examine any of the non-procedurally defaulted issues raised by Hodges in his § 2255 petition. The Seventh Circuit addressed each of these claims and adjudicated them against him. Hodges has not cited any intervening change in the law, has not tendered any new evidence with which to convince the Court that its previous rulings were in error, and has not pointed the Court to

any special circumstances which warrant re-examining any of these issues. Therefore, to the extent that Hodges' § 2255 motion is based upon the grounds previously asserted by him on direct appeal, his petition is denied.

As for his other grounds tendered in support of his § 2255 petition, as explained *supra*, Hodges must establish both cause and prejudice in order to overcome procedurally defaulting these issues. The Court finds that Hodges has failed to satisfy either the cause or prejudice standard, and therefore, he is not entitled to the relief which he seeks.

As for his claim of ineffective assistance of counsel, it is true that a claim of ineffective assistance of counsel can satisfy the cause component necessary to overcome procedural default. *Fern v. Gramley*, 99 F.3d 255, 259 n. 4 (7th Cir. 1996). To establish a claim of ineffective assistance of counsel, a petitioner must show two things. *First*, the petitioner must show that his counsel performed in a deficient manner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 687–688, 104 S.Ct. 2052. A court, in reviewing a petitioner's claim of ineffective assistance of counsel, must give great deference to the attorney's performance due to the distorting effects of hindsight. *Id.* at 689, 104 S.Ct. 2052. In addition, the petitioner must overcome a strong presumption that the attorney's conduct falls within a wide range of reasonable professional assistance. *Id.*

*Second,* the petitioner must show that counsel's deficient performance prejudiced her. *Id.* at 687, 104 S.Ct. 2052. A petitioner must show that counsel's errors "actually had an adverse effect on the defense."[2] *Id.* at 693, 104 S.Ct. 2052.

In the instant case, the Court cannot say that Hodges' trial counsel's performance significantly prejudiced him or that his counsel's representations fell below an objective standard of reasonableness. Contrary to Hodges' assertions now, his trial counsel did file a motion for a new trial based upon the fact that Hodges had moved from Marion, Illinois, to Chicago, Illinois, putting in question the credibility of some of the Government's witnesses. Thus, Hodges' counsel cannot be faulted for failing to raise an issue which he did, in fact, raise.

In any event, Hodges has wholly failed to reveal to the Court the identity of these witnesses, nor has he offered any proof from these witnesses as to what their testimony might be. *See Aleman v. United States,* 878 F.2d 1009, 1012 (7th Cir.1989)(finding that no evidentiary hearing was required where the petitioner failed to submit specific allegations and failed to demonstrate that he had actual proof of the allegation); *see also Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir.1976)(noting that a petition must be accompanied by a detailed and specific affidavit which shows actual proof beyond unsupported allegations). Thus, the Court finds that Hodges was not denied his Sixth Amendment right to effective assistance of counsel.

As for his claim that Judge Riley should have recused himself based upon his former representation of a witness in-

**2.** The Supreme Court has held that a defendant must show that counsel's errors rendered the proceedings "fundamentally unfair or unreliable" in addition to simply showing prejudice. *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

volved in the case, the Court finds that Hodges has wholly failed to satisfy either the cause or prejudice standard. This issue would certainly have had to have been known at the time of the trial, but it was not raised by him on appeal even though Hodges had different counsel on appeal than he had at trial.

■■ In any event, a petitioner filing a petition pursuant to 28 U.S.C. § 2255 must state specific facts which describe each ground for relief so that the district court may tell from the face of the petition whether further habeas review is warranted. *See* Rule 2(b) of the Rules Governing § 2255 Cases; *see also Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir.1990)(§ 2254 petition). A § 2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error. *See Oliver v. United States,* 961 F.2d 1339, 1343 n. 5 (7th Cir.1992)(holding that a district court may deny a §. 2255 motion without a hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court."); *see also Shah v. United States,* 878 F.2d 1156, 1161 (9th Cir.1989)(holding that vague or conclusory allegations warrant summary dismissal of § 2255 claims); *see also United States v. Aiello,* 814 F.2d 109, 113–14 (2nd Cir.1987)(holding that a § 2255 petition must be based on more than "[a]iry generalities, conclusory assertions and hearsay statements."); *see also United States v. Unger,* 635 F.2d 688, 691 (8th Cir.1980) (holding that "[c]onclusory assertions that a defendant's pleas were involuntary and coerced are insufficient."). Hodges' bald assertion that Judge Riley should have recused himself is an insufficient basis to grant him the relief which he seeks.

Furthermore, as for Hodges' argument of an alleged agreement with the Government not to call certain witnesses at the evidentiary hearing on his motion for a new trial is wholly without merit. *First,* Hodges has offered no proof of this alleged agreement, and it would be illogical for the Government to enter into such an agreement given the Seventh Circuit's remand for a hearing. *Second,* the Court, not the Government, called the jurors as witnesses at the evidentiary hearing.

Finally, the Court notes that letting Petitioner's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

*Ergo,* Petitioner's petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is DENIED.