505 F.2d 955
 William Phillip TAYLOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 74-3130 Summary Calendar.*
*Rule 18, 5 Cir., see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Jan. 2, 1975.
 
 William Phillip Taylor, pro se.
 Donald E. Walter, U.S. Atty., D. H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for respondent-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 PER CURIAM:
 
 
 1
 A federal court jury convicted William Phillip Taylor of threatening the life of the President of the United States.[1] A panel of our court affirmed Taylor's conviction on direct appeal, United States v. Taylor, 480 F.2d 618 (5th Cir. 1973), and the Supreme Court denied certiorari, 414 U.S. 911, 94 S.Ct. 249, 38 L.Ed.2d 150 (1974). Taylor has now filed a motion to vacate his conviction and sentence under 28 U.S.C. 2255. We affirm the district court's denial of Taylor's motion without a hearing as the records and files conclusively show that Taylor is not entitled to relief.
 
 
 2
 Taylor seeks to challenge the trial court's determination of sanity at the time of the offense, its alleged denial of his right of compulsory process, and the alleged denial of his right to a speedy trial. Taylor acknowledges that he raised these claims on direct appeal, and apparently concedes that the district court could normally have refused to grant him a hearing on his claims. Although traditional notions of res judicata do not apply in habeas corpus or 2255 proceedings, a court may still exercise judicial discretion and refuse to retry issues fully and finally litigated on direct appeal. Ugarte-Veizaga v. United States, 452 F.2d 1194 (5th Cir. 1972); Houston v. United States, 419 F.2d 30 (5th Cir. 1969); Bearden v. United States, 403 F.2d 782 (5th Cir. 1968), cert. denied, 393 U.S. 1111, 89 S.Ct. 920, 21 L.Ed.2d 808 (1969). However, Taylor claims entitlement to a hearing in this case because of allegedly misleading statements in the government's brief on direct appeal.
 
 
 3
 At the original trial, Taylor sought to subpoena Robert Beasley to testify on the sanity question. On direct appeal, he claimed that pretrial delays caused him to lose contact with Beasley, with a resultant denial of his right of compulsory process. In answering this contention the government's brief stated:
 
 
 4
 The contentions that Robert Lowell Beasley could not be located and delays caused loss of contact are frivolous. No motion was filed to arrest him as a material witness. Beasley was not incarcerated with Appellant in June, 1971 or thereafter and his testimony would have been irrelevant or cumulative if he was to testify Appellant had suffered hardships. In fact Taylor and Beasley were in jail together for a short time several months after the date of the offense.
 
 
 5
 Although technically incorrect, the statement was not sufficiently misleading to warrant reversal of the district court. The government did not misinform the panel as to the substance of Beasley's testimony or its significance. A number of witnesses testified on the question of Taylor's sanity at the time of the offense. Beasley's testimony was not crucial to that inquiry. He was not an expert witness, nor was he with Taylor immediately before or after the offense. The government's mistatement did not prevent full and fair litigation of the compulsory process claim on direct appeal. Cf. Middlebrooks v. United States, 500 F.2d 1355 (5th Cir., 1974).
 
 
 6
 Affirmed.
 
 
 
 [1]
 An offense under 18 U.S.C. 871 punishable by a fine of up to $1,000 and/or imprisonment of up to 5 years