Robert D. QUALLS, a/k/a Lawrence Burton, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 84–1919.

United States Court of Appeals, Seventh Circuit.

Argued June 12, 1985.

Decided Oct. 11, 1985.

Michael John Madden, Chicago, Ill., for petitioner-appellant.

Lawrence Rosenthal, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for respondent-appellee.

Before BAUER and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*

FLAUM, Circuit Judge.

In 1979, a jury convicted appellant Robert D. Qualls both of forcibly breaking into a United States Post Office with intent to commit larceny and of theft or receipt of stolen mail. The district court sentenced Qualls to two years in custody and three years on probation. Defendant did not appeal the convictions. In 1981, the petition-

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, South Bend Division, is sitting by designation.

er's probation was revoked. In July 1982, Qualls petitioned the district court, pursuant to 28 U.S.C. § 2255 (1982), to vacate, set aside or correct his sentence due to ineffective assistance of counsel. To support his claim, petitioner submitted an affidavit charging that trial counsel had: 1) failed to file a notice of appeal; 2) failed to investigate properly petitioner's case; 3) failed to raise the issue of defendant's lack of capacity to form the requisite specific intent; and 4) failed to return petitioner's phone calls. In response, trial counsel filed an affidavit substantially contradicting petitioner's contentions. Counsel claimed that petitioner had agreed not to pursue an appeal, fearing a stiffer sentence on retrial. Counsel contended that Qualls had received a "satisfactory" sentence largely because the court considered him to be a first-time offender. His status as a first-time offender, however, would be in jeopardy on retrial due to state criminal charges then pending against Qualls. Defense counsel alleged that both he and Qualls feared a stiffer sentence on retrial if the sentencing judge had the benefit of the state criminal conviction in resentencing.

The district court dismissed petitioner's section 2255 motion, crediting counsel's affidavit over petitioner's, and denying petitioner's requests for counsel and for an evidentiary hearing. On appeal, this Court reversed since the district court credited counsel's affidavit over petitioner's without the benefit of an evidentiary hearing. We remanded for an evidentiary hearing to determine whether petitioner chose to forego his right to appeal. *United States v. Qualls*, 729 F.2d 1464 (7th Cir.1984) (unpublished order).

After holding an evidentiary hearing, the district court found the defense attorney's version of the facts was more credible, and that the decision to forego appeal had been strategic. Hence, the district court again dismissed petitioner's section 2255 motion. Petitioner appeals from this dismissal maintaining that: 1) the district court did not conduct a full evidentiary hearing in accordance with our mandate, and 2) even if counsel's version of the facts is accepted,

Quall's decision to forego appeal was based on his attorney's inadequate investigation of the pending state charges. For the reasons stated below, we affirm the district court's dismissal of petitioner's section 2255 motion.

■ As to defendant's first contention, we refer to our previous order, which remanded the cause for an evidentiary hearing. There, we noted that, "[i]f ... petitioner deliberately chose not to appeal, the deliberation is at an end and the district court should deny petitioner's section 2255 motion at the outset." *United States v. Qualls*, 729 F.2d 1464 at 2. Thus, we did not require a "full" evidentiary hearing on the merits, but only a hearing to determine whether "petitioner deliberately chose not to appeal." *Id.* We find no merit in defendant's contention that our mandate required the judge to hold an evidentiary hearing on the merits of petitioner's allegations of ineffective assistance of counsel.

Our decision was based on the principle that section 2255 is not a substitute for direct appeal. *United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2239, 60 L.Ed.2d 805 (1979). If any issue could have been raised on direct appeal, the failure to take such appeal precludes review pursuant to a section 2255 motion unless the petitioner can show "cause" for the procedural default and "actual prejudice" resulting from the errors of which the petitioner complains. *United States v. Frady*, 456 U.S. 152, 167, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). Although it could be argued that some of the petitioner's claims could not have been raised on direct appeal, and thus that his failure to take such an appeal should not preclude our review here, petitioner does not raise this issue on appeal. More importantly, petitioner did not raise this issue before the district court in either petition for section 2255 relief. Accordingly, defendant has waived the issue for appeal. *See United States ex rel. Cole v. Lane*, 752 F.2d 1210, 1219 (7th Cir.1985).

Petitioner next contends that his decision to forego appeal was due to ineffective

assistance of counsel in failing adequately to investigate the likelihood of conviction on the pending state charges. Hence, petitioner seeks to show "cause" for his procedural default by demonstrating ineffective assistance of counsel in the determination of whether to file a notice of appeal.

To establish constitutionally defective assistance of counsel petitioner must show that trial counsel's "conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). This standard requires the petitioner to demonstrate that counsel's performance was deficient and that "the deficient performance prejudiced the defense." *Id.*[1]

In essence, petitioner seeks to show deficient performance by alleging that counsel should not have based his decision not to appeal solely on petitioner's belief that he was likely to be convicted on the state charges. Although it is questionable whether trial counsel's actions could be construed as constitutionally defective, we need not reach this issue since we find that petitioner has failed to establish prejudice in taking counsel's advice to forego appeal. Petitioner has not urged that the pending state charges did not, in fact, result in conviction, nor that the consideration of these convictions would not have resulted in an enhanced sentence on retrial. Hence, petitioner cannot demonstrate prejudice resulting from the allegedly "deficient" advice to forego direct appeal. We therefore are unable to find that petitioner received ineffective assistance of counsel in determining whether to pursue a direct appeal.

In sum, we find no error in the district court's dismissal of petitioner's section 2255 motion. The judgment of the district court is accordingly

AFFIRMED.

---

**1.** Our decision in *Clay v. Director,* 749 F.2d 427 (7th Cir.1984), indicates that a lower standard may apply if the failure to appeal was negligent as opposed to strategic. Since the decision to forego appeal was deemed strategic, the *Strickland* standard applies.