**Howard TAYLOR, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 85–2079.

United States Court of Appeals, Seventh Circuit.

Argued June 17, 1986.

Decided Aug. 19, 1986.

As Amended Aug. 20, 1986.

Candice Addis, Law Student c/o Notre Dame Legal Aid and Defender Ass'n, Notre Dame, Ind., for petitioner-appellant.

Gregory K. Harris, Asst. U.S. Atty., Springfield, Ill., for respondent-appellee.

Before CUMMINGS, Chief Judge, POSNER and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

In April 1983, petitioner, Howard Taylor, was convicted on two counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). The details concerning his crimes are not relevant to the present appeal, but may be found in our affirmance of his conviction on direct appeal. *See United States v. Taylor*, 728 F.2d 930, 931–33 (7th Cir.1984). Presently before us is Taylor's

appeal of the denial of his § 2255 motion in which he raises questions of selective prosecution and prosecutorial abuse in revoking use immunity for a potential witness at his trial.

## I.

Two other persons, David Neff and Kenneth Tudor, were allegedly involved in the bank robbery that is the basis of Taylor's conviction. Taylor is black and the other two are white. Taylor was indicted, whereas Neff was initially provided with use immunity. Tudor was granted immunity and has not been indicted. Before the grand jury, Neff testified that he was not involved in the robbery. Taylor was expecting Neff to testify to the same at trial. However, during the second day of Taylor's three-day trial, Neff's use immunity was withdrawn by the government because the prosecutors had recently learned that Neff had lied before the grand jury. Neff invoked his Fifth Amendment rights at trial and refused to testify. The court refused to order the government to grant Neff use immunity, but did permit excerpts from his grand jury testimony to be read to the jury. Tudor testified at the trial, as did another prosecution witness who was granted immunity, Dallas Manns. Although the trial record is not before us, apparently much of the evidence at trial linked Neff to the bank robbery and implicated Taylor by linking him to Neff.

At Taylor's sentencing hearing in June 1983, his counsel complained that Neff had not yet been indicted and the lack of an indictment indicated misconduct on the part of the prosecution in revoking Neff's use immunity. The court held an *in camera* conference with the prosecution following which it reaffirmed its earlier decision that the prosecution had not acted in bad faith.[1] On his direct appeal, Taylor argued *inter alia* that the prosecution acted in bad faith in revoking Neff's use immunity and that

the court should have ordered the prosecution to reinstate Neff's immunity. Taylor did not argue that the court should have invoked its own powers of immunity nor did he raise the selective prosecution argument. We affirmed the conviction in February 1984. *United States v. Taylor,* 728 F.2d 930. We explicitly rejected the arguments Taylor made regarding Neff's use immunity, *id.* at 933–36, and also noted that Taylor did not argue that the district court had the inherent power to grant immunity but, even if he had, that argument would have been waived because it was not raised in the district court, *id.* at 934 n. 3.

In October 1984, Taylor filed the § 2255 motion that is now before us. Eighteen months after the revocation of his immunity, Neff had not yet been indicted. In May 1985, the district court denied the motion. It ruled that the use immunity argument had already been determined on direct appeal and that it need not be reconsidered. The court determined that the selective prosecution claim had not been waived, but concluded that it was not yet appropriate to reach a final decision on the issue because the prosecution still maintained that it intended to indict Neff before the statute of limitations expired in August 1986. While indicating the claim was not, as of that time, sufficient, the court noted that its decision did not preclude raising the issue again if Neff was not subsequently indicted. Taylor appealed. In May 1986, Neff was finally indicted and in June he was acquitted. Although the indictment and acquittal were too late to be discussed in the briefs, the parties did have some opportunity at oral argument, to discuss the effect sof these subsequent events on the case.

## II.

### A.

Res judicata does not apply in § 2255 proceedings. *See Sanders v. Unit-*

---

1. Our earlier opinion states "[t]he conference produced descriptions of the prosecutorial communications with Neff. A knowledge of the confidential details of these communications is not necessary in order for the defendant to

assert his claim that the government was untruthful in its explanation of the revocation of Neff's immunity." *United States v. Taylor,* 728 F.2d at 936.

*ed States,* 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148 (1963); *Taylor v. United States,* 505 F.2d 955, 956 (5th Cir.1975) (per curiam). However, the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior § 2255 proceedings. *Sanders,* 373 U.S. at 13–17, 83 S.Ct. at 1076–78; *Norris v. United States,* 687 F.2d 899, 900 (7th Cir.1982); *Demaro v. Willingham,* 401 F.2d 105, 106 (7th Cir.1968); *De Welles v. United States,* 372 F.2d 67, 70 (7th Cir.), *cert. denied,* 388 U.S. 919, 87 S.Ct. 2140, 18 L.Ed.2d 1365 (1967); *Furman v. United States,* 720 F.2d 263, 266 (2d Cir.1983) (per curiam); *Anderson v. United States,* 619 F.2d 772, 773 (8th Cir.1980) (per curiam); *Taylor v. United States,* 505 F.2d at 956; *see also United States v. Mazak,* 789 F.2d 580, 581 (7th Cir.1986). In the absence of changed circumstances of fact or law, the court will not reconsider an issue already decided on direct appeal. *Davis v. United States,* 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974); *Mazak,* 789 F.2d at 581; *Norris,* 687 F.2d at 900; *Chapman v. United States,* 547 F.2d 1240, 1242 (5th Cir.), *cert. denied,* 431 U.S. 908, 97 S.Ct. 1705, 52 L.Ed.2d 393 (1977). *Cf. Sanders,* 373 U.S. at 13–17, 83 S.Ct. at 1076–78. We decided the use immunity issue on the merits in Taylor's direct appeal. *United States v. Taylor,* 728 F.2d at 933–36. Taylor cites no case, nor did we find one, that indicates that the law has changed since his direct appeal was decided. *Cf. Stuart v. Gagnon,* 614 F.Supp. 247, 253 (E.D.Wis.1985) (following *United States v. Taylor*). Additionally, we agree with the district court that the long delay in indicting Neff does not present a change in factual circumstances that requires reconsideration of the issue. The district court already found that the prosecution acted in good faith. Subsequent events, as contrasted with the discovery of new facts from the time the prosecution's decision to prosecute was made, do not necessitate a new finding on that factual issue.

### B.

Taylor did not raise the question of judicially provided immunity for Neff either at trial or on direct appeal. *See United States v. Taylor,* 728 F.2d at 934 n. 3. He gives no reason why he could not raise the issue at the time and cites no change in law or discovery of new facts. That issue has therefore been waived and we need not consider it on appeal. *See Qualls v. United States,* 774 F.2d 850, 851 (7th Cir.1985); *United States v. Griffin,* 765 F.2d 677, 680 (7th Cir.1985); *Norris,* 687 F.2d at 901. Even if we were to reach that issue, in *United States v. Bounos,* 693 F.2d 38, 39 (7th Cir.1982), we held that there is no such immunity and specifically rejected *Government of Virgin Islands v. Smith,* 615 F.2d 964, 968–74 (3d Cir.1980), on which Taylor relies.

■ The district court found that there was an adequate change in circumstances to permit Taylor to raise the selective prosecution issue in his § 2255 motion even though it was not raised at trial or on direct appeal. We agree. A selective prosecution claim must be raised prior to trial or it will be waived unless adequate cause is shown. *See United States v. Jarrett,* 705 F.2d 198, 204–05 (7th Cir.1983), *cert. denied,* 465 U.S. 1004, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984). However, until the second day of his trial Taylor believed that Neff was not being prosecuted because he had been granted immunity in exchange for cooperation. *Cf. United States v. Librach,* 536 F.2d 1228, 1230 (8th Cir.), *cert. denied,* 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976) (decision not to prosecute someone who is cooperating in the conviction of others is proper). At the time immunity was revoked and at Taylor's sentencing hearing, the prosecutor assured Taylor that Neff would be indicted. Under those circumstances, he had no reason to suspect a selective prosecution on the basis of race and therefore had an inadequate basis to raise a selective prosecution claim before, during, or shortly after his trial. He did know prior to trial that a state senator had spoken to the prosecutor on Neff's behalf. But he was still given assurances that Neff would be prosecuted, so

he had no reason to raise the selective prosecution claim at that time. The government argues that Taylor should have raised the issue on direct appeal. That appeal was argued in November 1983 and decided the following February. We note that in October 1983 the government again assured Taylor's attorney that it still intended to indict Neff, but we find it unnecessary and inappropriate to decide precisely what date Taylor should have begun to suspect, rightly or wrongly, that he had been selectively prosecuted. If Taylor had raised the selective prosecution issue for the first time on appeal, we would have declined to decide it because it was not raised below, *see, e.g., Christmas v. Sanders*, 759 F.2d 1284, 1291 (7th Cir.1985), and because the facts concerning selective prosecution had not been adequately developed below. *Cf. United States v. Fisher*, 772 F.2d 371, 373 (7th Cir.1985) (per curiam); *Government of Virgin Islands v. George*, 741 F.2d 643, 646–47 (3d Cir.1984). Taylor had adequate cause to raise the selective prosecution claim for the first time in a § 2255 motion. The district court did not abuse its discretion in declining to find the issue was waived.

In summary, we will go on to consider the selective prosecution claim only. We need not reach the merits of the immunity issues.

### III.

■ "In order to make a *prima facie* case of selective prosecution, the defendant must show both that he 'had been singled out for prosecution while others had not been prosecuted and that the Government's discriminatory selection was based upon an impermissible ground.'" *United States v. Mitchell*, 778 F.2d 1271, 1277 (7th Cir.1985), quoting *United States v. Heilman*, 614 F.2d 1133, 1138 (7th Cir.), *cert. denied*, 447 U.S. 922, 100 S.Ct. 3014, 65 L.Ed.2d 1114 (1980); *see also Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985); *United States v. Ker-*

*ley*, 787 F.2d 1147, 1148 (7th Cir.1986) (per curiam); *United States v. Falk*, 479 F.2d 616, 620–21 (7th Cir.1973) (en banc); *United States v. Ramirez*, 765 F.2d 438, 439–40 (5th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 812, 88 L.Ed.2d 786 (1986). It need not be shown that the class is being discriminated against; discrimination against one individual because he is a member of the class is sufficient. *See Falk*, 479 F.2d at 619; *see also United States v. Torquato*, 602 F.2d 564, 569 n. 9 (3d Cir.), *cert. denied*, 444 U.S. 941, 100 S.Ct. 295, 62 L.Ed.2d 307 (1979). A claim of selective prosecution is judged by ordinary equal protection standards. *Wayte*, 105 S.Ct. at 1531; *Mitchell*, 778 F.2d at 1277. To obtain an evidentiary hearing on the claim, the defendant must allege intentional discrimination and present facts sufficient to raise a reasonable doubt about the prosecutor's purpose. *Kerley*, 787 F.2d at 1148; *Jarrett*, 705 F.2d at 204; *Falk*, 479 F.2d at 620–21; *United States v. Saade*, 652 F.2d 1126, 1135 (1st Cir.1981).

■ When initially presented to us, this case involved a much more complicated and interesting question concerning at what point a similarly situated wrongdoer should be considered not prosecuted. *Cf. United States v. Amon*, 669 F.2d 1351, 1356–57 & n. 7a (10th Cir.1981), *cert. denied*, 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982) (finding it unnecessary to reach that issue). Although somewhat belatedly, Neff has now been indicted and prosecuted. Therefore, Taylor can no longer successfully pursue his selective prosecution claim; the first element of such a claim—that another or others similarly situated have not been prosecuted—can no longer be satisfied.[2] It is therefore unnecessary to consider if the second element—invidious discrimination—is satisfied. Since the recent indictment so obviously eliminates the selective prosecution claim and since the district court denied relief assuming Neff would be indicted, it is not necessary that we remand the

---

2. Taylor has never argued that the nonprosecution of Tudor indicates selective prosecution,

apparently on the belief that Tudor entered into a legitimate immunity agreement.

case to the district court to consider the recent indictment and acquittal of Neff.

### IV.

All of Taylor's claims were properly denied. The judgment of the district court is AFFIRMED.