UNITED STATES of America, Plaintiff,

v.

**Stanton TOUBUS, Defendant.**

**No. 86 CR 0317.**

United States District Court,
N.D. Illinois, E.D.

July 2, 1990.

Joshua Buchman, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Timothy A. Smith, Cincinnati, Ohio, for defendant.

Stanton Toubus, Terre Haute, Ind., pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Stanton Toubus was convicted of conspiracy, arson and mail fraud. On November 25, 1986, he was sentenced to six years imprisonment, a five year parole term to run consecutively with this sentence, and $23,000 in fines. Toubus has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255, and for findings of fact under Fed.R.Crim.P. 32. For the reasons stated below, we deny this petition.

Toubus claims that his constitutional rights to due process, effective assistance of counsel and equal protection were violated during his sentencing. According to Toubus, the Pre–Sentence Investigation Report ("PSI") prepared by the United States Probation Office contained several inaccuracies. His counsel allegedly neglected to inform Toubus that this report would influence parole decisions and instructed him not to challenge the purported inaccuracies.

Toubus filed a Notice of Appeal following his sentencing, but subsequently voluntarily dismissed this appeal. However, after retaining new counsel, he moved for a reduction or modification of sentence under Fed.R.Crim.P. 35. In this motion, Toubus pointed out alleged factual inaccuracies in the PSI, but primarily argued that his sentence should be reduced because he had accepted responsibility for his crime. The motion for a reduction in sentence was denied, and Toubus did not appeal from this denial.

Toubus now contends that we should modify his sentence because of the alleged inaccuracies in the PSI. He argues that his right to due process was violated when he was sentenced on the basis of inaccurate information. In addition, he contends that his trial counsel was ineffective because he did not object to the factual inaccuracies or instruct Toubus to object. Toubus also claims that his right to equal protection was violated, but does not explain the factual or legal basis for this claim. Finally, Toubus seeks formal findings of fact under Fed.R.Crim.P. 32(c)(3)(D) regarding the alleged inaccuracies in the PSI.

We need not reach the merits of any of these claims. "Absent a showing of cause for the procedural default and actual prejudice resulting from the errors petitioner alleges, the failure to raise an issue which could have been raised on direct appeal precludes § 2255 review." *Theodorou v. U.S.*, 887 F.2d 1336, 1339 (7th Cir.1989) *citing Williams v. United States*, 805 F.2d 1301 (7th Cir.1986); *Qualls v. United States*, 774 F.2d 850 (7th Cir.1985). Despite the fact that the constitutional challenges currently before us could have been raised on direct appeal, Toubus failed to pursue these issues on appeal. Moreover, Toubus had an opportunity to raise these issues following the denial of the motion to reduce his sentence. However, he also failed to appeal this order.

Despite his repeated procedural defaults, we could reach the merits of Toubus' claims if he were able to establish cause for failing to raise the issues on appeal. However, there are no facts on record which would constitute cause to excuse his default. Under different circumstances, Toubus' claim that his trial counsel was ineffective might be an adequate cause for the default. *See, e.g., Page v. U.S.*, 884 F.2d 300, 302 (7th Cir.1989). However, because Toubus retained new counsel follow-

ing his trial, the ineffective assistance of his trial counsel does not constitute a valid cause such that we may address the merits of his claim.

A district court may not reach the merits of an issue that has not been raised in a procedurally appropriate manner. Because Toubus has failed to establish cause for his procedural defaults, we cannot consider the merits of his claim. Therefore, the petition for habeas corpus under 28 U.S.C. § 2255 is denied.[1] It is so ordered.

---

**1.** Although it was unnecessary to discuss the merits of Toubus' claims in order to dispose of the motion, we did conduct a careful review of his legal argument and the material filed in support. During the course of our review we noted that Toubus' attorney, Timothy A. Smith, cited the Ninth Circuit's memorandum order in *United States of America v. Shipherd,* 855 F.2d 863 (9th Cir.1988), to support his legal argument. Smith also attached a "copy" of this opinion. However, when we reviewed this purported copy, we discovered what appears to be a blatant attempt to deceive the court. In the copy attached to Smith's memoranda, a footnote had been obliterated. We requested a true copy of this opinion from the Ninth Circuit and discovered that missing stated that the memorandum opinion should not be cited as authority. Because Smith was admitted pro hoc vice for this case, we lack the power to impose a lasting sanction. However, should Smith ever seek to appear again before a court in the Northern District of Illinois, we instruct the Clerk of the Court immediately to bring this incident to the attention of the Executive Committee.