915 F.2d 1575
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James Thomas DONNELLY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-1862.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1990.*
Decided Sept. 21, 1990.
Rehearing and Rehearing En Banc Denied Dec. 7, 1990.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James T. Donnelly was indicted on a charge of armed bank robbery, and investigation revealed that he had committed a total of eight bank robberies in seven different jurisdictions, five federal and two state. In connection with the initial indictment, his retained attorney O'Brien negotiated a plea bargain designed to address all of the charges at once. Under that agreement, Donnelly would plead guilty to the federal armed bank robbery charges, and the states would promise not to pursue the armed robbery charges against Donnelly. The plea agreement provided that Donnelly would receive a sentence of 30 years, out of a possible maximum of 100 years, with parole eligibility after 7 years. The agreement was sent to the U.S. Attorneys in each of the federal offices involved, and all but one accepted it. The U.S. Attorney in North Carolina, in which two armed bank robberies were committed, refused to accept it as too lenient. The other jurisdictions agreed to the plea agreement, and therefore the 30 year recommendation applied only to those charges. After a lengthy discussion with Donnelly, the judge accepted the agreement and imposed the recommended sentence.
 
 
 2
 Donnelly did not pursue a direct appeal to this court, but did file a pro se motion[1] to reduce his sentence pursuant to Fed.R.Crim.P. 35. The district court dismissed that motion as untimely, because it was filed more than 120 days after the imposition of the sentence. Donnelly did not appeal that denial to this court, but subsequently filed a petition under 28 U.S.C. Sec. 2255 alleging ineffective assistance of counsel. In the Sec. 2255 petition, Donnelly asserted ineffective assistance based upon O'Brien's failure to develop relevant evidence in the plea negotiations and at the plea hearing, and also based upon O'Brien's refusal to pursue a Rule 35 motion and failure to pursue an appeal.[2] The district court held that the standard set forth in Quallis v. United States, 774 F.2d 850 (7th Cir.1985), was applicable to those allegations. That standard provides that claims which could have been raised on direct appeal are procedurally defaulted unless petitioner can demonstrate cause for the failure to raise the issues and prejudice. Because petitioner was unable to demonstrate cause and prejudice for the procedural default, the district court dismissed the petition.
 
 
 3
 The initial issue we must address is whether the claims in the petition are subject to the Qualls test. Procedural default applies only to issues which could have been raised on appeal and were not, and for which the petitioner is unable to demonstrate cause and prejudice. At least some of Donnelly's allegations, however, could not have been raised on appeal, and therefore do not require the Qualls showing of cause and prejudice. For instance, Donnelly asserts that his attorney failed to preserve his right to a direct criminal appeal. This claim could not have been raised on appeal because it necessarily arose only after the direct appeal was forfeited. Therefore, Donnelly need not demonstrate cause and prejudice for his failure to raise it. Moreover, the allegations of failure to investigate which depend upon evidence outside the record are more properly brought in a Sec. 2255 petition, United States v. Myers, 892 F.2d 642, 649 (7th Cir.1990), and therefore are not waived by failure to assert them in a prior proceeding.
 
 
 4
 Donnelly must, however, satisfy the Strickland test in order to succeed on the merits of those claims. Under Strickland v. Washington, 466 U.S. 668 687-88 (1984), a petitioner alleging ineffective assistance must demonstrate that his attorney's performance fell below the standard of reasonably professional representation and that the conduct probably changed the outcome of the case. The analysis under this test is similar to the Qualls test applied by the district court. Because this test rather than the Qualls test must be applied to some of the claims, for simplicity we will address all the claims on the merits under Strickland rather than applying the Qualls test to some claims.
 
 
 5
 Donnelly does not provide even an arguable basis for his ineffective assistance claim, and therefore Sec. 2255 did not require an evidentiary hearing. First, Donnelly does not allege conduct which fell below reasonable standards of professional representation. The record reveals that O'Brien engaged in extensive negotiations in order to arrange a plea bargain that would encompass all of the armed robbery charges. Donnelly essentially alleges that O'Brien could have done more--such as requesting a psychological evaluation, providing the court with biographical information on Donnelly, and explaining more fully the ramifications of the plea. These arguments fail to demonstrate deficient performance. The record reveals that psychological and biographical evidence was before the district court. Donnelly has not indicated with any specificity new information that O'Brien failed to discover or present which would lead the court to reject the plea agreement in favor of a lighter sentence, or that would convince the government to recommend a lesser sentence. See Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989) (petitioner must submit specific allegations and demonstrate that he has actual proof of the allegation). The record also reveals an extended discussion between Donnelly and the district court judge, in which Donnelly repeatedly declared that he fully understood the plea arrangement and consented to it. This extensive colloquy renders Donnelly's current protests incredible. Finally, Donnelly claims that his attorney was deficient in failing to pursue an appeal. Donnelly, however, does not state that he even asked O'Brien to pursue an appeal. The conclusory allegations in support of this claim do not warrant an evidentiary hearing, and fail as a matter of law to demonstrate deficient performance.
 
 
 6
 Donnelly also fails to sufficiently assert any prejudice which resulted from the alleged deficient performance. Prejudice in the guilty plea context is established if Donnelly can show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted upon going to trial. United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.1990). The plea agreement in this case resulted in the imposition of a sentence of 30 years whereas separate sentencing on each charge could have netted a sentence of 100 years. Donnelly provides no basis for concluding that he would have rejected the plea if counsel had acted differently, nor even that a better plea bargain was possible. Finally, Donnelly asserts that O'Brien rendered ineffective assistance in refusing to pursue a direct appeal or a Rule 35 motion. Once again, Donnelly has provided no basis for concluding that a direct appeal or Rule 35 motion would have had any merit. Therefore, Donnelly has failed to allege an arguable claim of ineffective assistance of counsel. Accordingly, the decision of the district court dismissing the Sec. 2255 petition is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Donnelly requested his attorney to file the Rule 35 motion but O'Brien declined to do so because he believed the motion would be futile
 
 
 [2]
 The district court held that these issues were raised in the Sec. 2255 petition, and the government has not directly contested that characterization