UNITED STATES of America, Plaintiff,

v.

Stanley PETERS, Defendant.

No. 91 C 2520.

United States District Court,
N.D. Illinois, E.D.

Sept. 6, 1991.

Steven Alan Miller, U.S. Attorney's Office, Chicago, Ill., for plaintiff.

George E. Becker, George E. Becker & Associates, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Stanley Peters, a/k/a Stelios Panagiotaros, was convicted in a bench trial on charges of mail fraud, arson and the use of an explosive device during the course of a felony. This court sentenced Peters to three years in the custody of the Attorney General, to be followed by five years probation. Currently before this court is Peters' second motion to vacate or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255. Additionally, Peters asserts, in accordance with Fed.R.Crim.P. 33,[1] that he is entitled to a new trial based on "newly discovered evidence." For the reasons noted below, both motions are denied.

1. Although Peters set forth this new evidence in support of his § 2255 motion, a motion for relief based on such evidence is properly presented under Fed.R.Crim.P. 33. Accordingly, we will treat Peters' proffer as a motion for a new trial under Rule 33.

2. The statement in pertinent part reads:
AGENT HART: And we're, we're willing to pay good.
LEVENTOPOULOS: Well, did you ever see my place?

## I.

In support of his current § 2255 motion, Peters contends that his trial attorney rendered ineffective assistance of counsel by advising Peters to waive his right to a jury trial. According to Peters, his trial counsel's advice was predicated upon the admission at trial of a statement made by Peter Leventopoulos to an undercover agent of the Treasury Department Bureau of Alcohol, Tobacco and Firearms.[2] Peters claims that this statement was equivocal, failing to directly implicate him in the arson of his business establishment, "Stanley's Fruitmarket."

Although postured in the guise of ineffective assistance of counsel, Peters' present claim is nothing more than another attempt to relitigate an issue previously presented to this court. In his first § 2255 motion, Peters argued that, had this court properly denied the admission of the Leventopoulos statement, he would have opted for a jury trial. We denied Peters' motion, concluding that the evidentiary ruling "neither violated Peters' constitutional rights nor forced him to forego a constitutional privilege." *United States v. Peters,* No. 90–5492, slip op. at 3 (N.D.Ill.1991) (1991 WL 1721, 1990 U.S.Dist. LEXIS 17824).

While the doctrine of *res judicata* is not applicable to motions under § 2255, *Sanders v. United States,* 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148 (1963); *Taylor v. United States,* 798 F.2d 271 (7th Cir. 1986), *cert. denied,* 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 983 (1987), "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255 (1988). The Supreme Court

AGENT HART: No. Which? What ah?
LEVENTOPOULOS: It was on Addison by the highway, it was a fruit market.
AGENT HART: No.
LEVENTOPOULOS: Well, em, go over there and ah check it out ... just look all around the building. The building, it had nothing flammable in it.
AGENT HART: Ah, ha.
LEVENTOPOULOS: But ah it's a total loss.

held in *Sanders* that controlling weight may be given to the denial of a prior application for § 2255 relief if "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." *Sanders*, 373 U.S. at 15, 83 S.Ct. at 1077.

At issue in this case is whether Peters' current § 2255 motion presents the same grounds as advanced in his first petition.[3] While any doubts arising in the determination of this issue are resolved in favor of the petitioner, the Court in *Sanders* noted that "identical grounds may often be supported by different factual allegations ... [or] supported by different legal arguments, or be couched in different language, or vary in immaterial respects." *Id.* at 16, 83 S.Ct. at 1077 (citations omitted); *see also, e.g., De Welles v. United States*, 372 F.2d 67, 69–70 (7th Cir.) (subsequent claim of ineffective assistance of counsel held to be the same ground as previous claim that petitioner's counsel was denied sufficient time for the preparation of a defense although a timely request for a continuance was made), *cert. denied*, 388 U.S. 919, 87 S.Ct. 2140, 18 L.Ed.2d 1365 (1967).

At root, Peters' present claim is nothing more than another challenge to the repercussions of his tactical decision to waive his right to a jury trial. This issue, even though it is now given a new label—ineffective assistance of counsel—and is supported by additional allegations of fact, was presented in Peters' initial § 2255 motion. As such, we deny Peters' current § 2255 motion without affording him an evidentiary hearing.

## II.

Peters has advanced in support of his Rule 33 motion two pieces of "newly discovered evidence." The first item is an affidavit by Peters' current attorney, George Becker, in which Becker states that two of Peters' co-defendants, Peter Leventopoulos and Perikles Panagiotaros, told him that Peters was not involved in the arson of his business establishment. Second, Peters advances a report of a polygraph examiner. In the report, the examiner states that Peters was truthful in his assertion that he had no involvement in the arson. This proffer, however, is insufficient to warrant a new trial.

In order to obtain a new trial on the basis of newly discovered evidence, a defendant must show that the evidence (1) came to his knowledge only after trial; (2) could not have been discovered sooner through the exercise of due diligence; (3) is material, not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a new trial. *United States v. Leibowitz*, 857 F.2d 373, 380 (7th Cir.1988), *cert. denied*, 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989); *United States v. Poppers*, 635 F.Supp. 1034, 1038 (N.D.Ill.1986).

The government argues that Becker's affidavit, detailing the statements of Leventopoulos and Panagiotaros, does not meet the first requirement that the evidence came to Peters' knowledge only after trial. We agree. If Leventopoulos and Panagiotaros never conspired with Peters to commit the arson, as he now contends, that alleged fact was certainly known to Peters at the time of trial and he could have called them as defense witnesses. As the government points out, the absence of Leventopoulos and Panagiotaros as defense witnesses was not because they were unknown to Peters. To the contrary, Panagi-

---

3. There is no question that the claim in Peters' initial motion was decided adversely to Peters, and on the merits. In addition, it is clear that the ends of justice would not be served by a redetermination of this ground. The Supreme Court in *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986), held that the "ends of justice" require federal courts to "entertain such petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." Despite Peters' proffer of "newly discovered evidence," which will be discussed in the context of his Rule 33 motion, Peters has failed to show a fair probability, in light of all the evidence, that the trier of fact would have entertained a reasonable doubt of his guilt.

otaros was his brother, Leventopoulos was installed as a tenant in the fruitmarket and obtained fire insurance for him, and both were co-defendants.

Likewise, the evidence of the results of the polygraph test is insufficient to warrant a new trial. Aside from the admissibility problems associated with the probity of such evidence, there can be no question that Peters had access to this evidence prior to his trial. After all, Peters' purpose in submitting the polygraph report is to proclaim his innocence, a truth or falsity that was uniquely in Peters' possession prior to trial.

### III.

For the foregoing reasons, we deny both Peters' motion to vacate or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255, and his motion for a new trial under Fed R.Crim.P. 33. It is so ordered.