979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Herbert C. HOLDING, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-3551.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1992.*
Decided Nov. 19, 1992.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Herbert Holding appeals the denial of his third motion under 28 U.S.C. § 2255 to vacate his sentence. We affirm.
 
 I. BACKGROUND
 
 2
 As did his first § 2255 motion,[1] this motion asserts that the district court erred in accepting a more severe superseding plea agreement without an evidentiary hearing to determine whether there had been a material breach of the first plea agreement.
 
 
 3
 The district court dismissed the motion on two grounds. First, after determining that Petitioner's failure to appeal resulted in procedural default, the court noted that Holding's failure to show cause for and prejudice resulting from the default rendered review of the merits unnecessary. However, in the interest of justice, the court did consider the Petitioner's claim and concluded that it lacked merit. We agree with the district court's findings and affirm.
 
 II. ANALYSIS
 
 4
 A. "In Custody"
 
 
 5
 The fact that Holding is no longer incarcerated does not render this appeal moot, as the Government argues. "It is well settled that even if a convict is not actually incarcerated, § 2255's 'in custody' requirement is satisfied so long as he is subject to significant restrictions on his freedom at the time he files for relief." United States v. Payne, 741 F.2d 887, 890 (7th Cir.1984). At the time petitioner filed his third § 2255 motion he was serving a four year term of imprisonment and currently is serving special parole. This sufficiently establishes "custody" for purposes of § 2255, and so we proceed to consider whether the district court properly dismissed Holding's § 2255 motion.
 
 B. Procedural default
 
 6
 Collateral relief under § 2255 may be appropriate when legal error, committed in taking a guilty plea, is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." Belford v. United States, No. 91-3595, slip op. at 5 (7th Cir.Sept. 11, 1992); Hill v. United States, 368 U.S. 424, 428 (1962). However, a § 2255 motion is not a substitute for direct appeal. Belford, slip op. at 4; Qualls v. United States, 774 F.2d 850, 851 (7th Cir.1985). Holding, therefore, has waived relief under § 2255 by failing to take a direct appeal on acceptance of the superseding guilty plea[2] unless he demonstrates both cause for the procedural default and actual prejudice resulting from the failure to appeal. Id. (citing United States v. Frady, 456 U.S. 152, 167 (1981)); Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir.1992); Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989).
 
 
 7
 Despite the government's explicit reliance on waiver by procedural default in its response to Holding's third petition, he has made no showing of cause or prejudice in the district court or on appeal. Thus, we agree with the district court that Holding's objections to the superseding plea agreement are waived. Moreover, even if Holding could establish cause for and prejudice resulting from procedural default, there was no constitutional violation.
 
 C. Due Process
 
 8
 Holding claims that due process entitled him to an evidentiary hearing to determine whether he breached the original plea agreement. Considering the totality of the circumstances, the district court did not err in concluding that an evidentiary hearing was not necessary. First, the court noted that Holding never requested a hearing on the issue of breach. See United States v. Osborne, 931 F.2d 1139, 1162-63 (7th Cir.1991) (citing United States v. Sophie, 900 F.2d 1064, 1071 (7th Cir1990) (evidentiary hearing is necessary only if disputed factual issues are raised by the party requesting the hearing)). The second fact relied on was that Holding, aided by counsel, renegotiated and signed the superseding plea, indicating that the new agreement was freely and voluntarily entered into. See United States v. Holman, 728 F.2d 809, 813 (6th Cir.), cert. denied, 469 U.S. 983 (1984) (entering into a new agreement with a full understanding of the possible consequences cured any prejudice possible resulting from wrongful rejection of the first agreement by the court)). Finally, before accepting the superseding plea agreement, the district judge, in compliance with Federal Rule of Criminal Procedure 11, determined that Holding was not coerced in any way to enter into the new plea agreement which contained a possible doubling of the penalty. Politte v. United States, 852 F.2d 924, 931 (7th Cir.1988) ("defendant's unequivocal statement in open court that his plea was not the product of coercion carries a strong presumption of veracity) (citing United States v. Darling, 766 F.2d 1095, 1101 (7th Cir.1985)). Hence, there is no support for Holding's argument that he was entitled to an evidentiary hearing to determine whether the government recommended a higher sentence because it unilaterally determined that Holding had breached the prior plea agreement. See United States v. Ataya, 864 F.2d 1324, 1330-31 (7th Cir.1988); United States v. Verrusio, 803 F.2d 885, 888 (7th Cir.1986).
 
 
 9
 Accordingly, we agree that Holding's claim of entitlement to an evidentiary hearing is without merit and affirm the dismissal of Holding's third § 2255 motion.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Mr. Holding's two prior § 2255 motions were before this court and resolved in an unpublished order. Holding v. United States, Nos. 90-1469 & 90-1470 (7th Cir. Dec. 3, 1990)
 
 
 [2]
 A judgment entered on a guilty plea is an appealable order. Bateman v. United States, 875 F.2d 1304, 1307 (7th Cir.1989)