27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Garland JEFFERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3531.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.*
Decided July 5, 1994.
As Amended July 7, 1994.
Rehearing and Suggestion for Rehearing En Banc
Denied Aug. 22, 1994.
 
 Before CUDAHY, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Garland Jeffers, proceeding pro se, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 On March 18, 1974, Jeffers was indicted for conspiring to distribute heroin and cocaine in violation of 21 U.S.C. Sec. 846 and for engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. Sec. 848. Jeffers was tried separately on each charge. Jeffers was convicted by a jury on the conspiracy charge, and we affirmed the conviction on direct appeal. United States v. Jeffers, 520 F.2d 1256 (7th Cir.1975), cert. denied, 423 U.S. 1066 (1976). Jeffers was convicted by another jury on the CCE charge. We affirmed the CCE conviction on direct appeal, United States v. Jeffers, 532 F.2d 1101 (7th Cir.1976), and the Supreme Court affirmed in part, vacated in part, and remanded. Jeffers v. United States, 432 U.S. 137 (1977).
 
 
 3
 This is Jeffers' fifth motion pursuant to 28 U.S.C. Sec. 2255 and the fourth challenging his CCE conviction. In this motion Jeffers asserts that (1) his one-count indictment under 21 U.S.C. Sec. 848 was "prejudicially duplicitous" because it charged four offenses "distinct and separated [sic]" from the 21 U.S.C. Sec. 848 offense, and (2) the district court committed plain error by failing to instruct the jury on the four offenses in the indictment which constituted the 21 U.S.C. Sec. 848 charge.
 
 
 4
 Jeffers' claim challenging his indictment under 21 U.S.C. Sec. 848 is simply a rephrasing of an argument he made, and we rejected, on direct appeal of his conviction. Jeffers, 532 F.2d at 1113. In Jeffers, we stated:
 
 
 5
 The indictment lays out four substantive offenses, distribution and possession with intent to distribute both heroin and cocaine. It relates that the defendant "did engage" in these offenses from "on or about" November 1, 1971 and "continuing to the date of this indictment." From this it can only be inferred that the indictment charges a continuing series of violations, and that the indictment was sufficient to apprise the defendant of what charges he must meet.
 
 
 6
 Jeffers, 532 F.2d at 1113 (emphasis in original) (footnote omitted). This holding was left undisturbed by the Supreme Court. Jeffers v. United States, 432 U.S. 137 (1977). Jeffers' claim is barred by the law of the case doctrine. In the absence of changed circumstances of fact or law, we will not reconsider an issue in a Sec. 2255 proceeding which has already been decided on direct appeal. Davis v. United States, 417 U.S. 333, 342 (1974); Taylor v. United States, 798 F.2d 271, 273 (7th Cir.1986), cert. denied, 479 U.S. 1056 (1987); United States v. Mazak, 789 F.2d 580, 581 (7th Cir.1986). The validity of Jeffers' indictment under 21 U.S.C. Sec. 848 was decided on the merits in Jeffers' direct appeal. There has been no change in fact or law which justifies revisiting this issue. See, e.g., United States v. Canino, 949 F.2d 928, 944-45 (7th Cir.1991) (holding that the government need not list the predicate acts in a CCE indictment, such predicate acts can include unindicted offenses, and due process is satisfied if the defendant has sufficient notice and opportunity to prepare a defense to an unindicted offense), cert. denied, 112 S.Ct. 1940 (1992); United States v. Markowski, 772 F.2d 358, 361 (7th Cir.1985) (holding that the "continuing series of violations" in Sec. 848 refers to offenses, not convictions), cert. denied, 475 U.S. 1018 (1986).
 
 
 7
 Jeffers' claim concerning the failure of the district court to give jury instructions, which has been construed by both the district court and the government as a new claim, readily could have been raised previously but was not. Jeffers has made no showing of cause and prejudice for his failure to raise this claim in earlier Sec. 2255 motions, and therefore has abused the writ. McCleskey v. Zant, 499 U.S. 467, 494 (1991); 28 U.S.C. Sec. 2255 Rule 9(b); see also Gomez v. United States District Court, 112 S.Ct. 1652, 1653 (1992). Jeffers has not demonstrated a "fundamental miscarriage of justice" resulting from a failure to entertain this claim, which would have excused his failure to raise this claim earlier. McCleskey, 499 U.S. at 494-95.
 
 
 8
 Jeffers' final argument is that the district court erroneously refused to conduct an evidentiary hearing with respect to his claims. This argument fails because where, as here, "a record conclusively demonstrates that a defendant is entitled to no relief on his Sec. 2255 petition to vacate sentence, a full evidentiary hearing is not required." United States v. Politte, 852 F.2d 924, 931 (7th Cir.1988) (citation omitted). "[T]o allow indiscriminate hearings in federal post-conviction proceedings would eliminate the chief virtues of the justice system-speed, economy, and finality." United States v. Delgado, 936 F.2d 303, 309 (7th Cir.1991) (citation omitted), cert. denied, 112 S.Ct. 972 (1992). There is nothing in the record which would entitle Jeffers to an evidentiary hearing.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Given our disposition in this case and considering the factors set forth in Maclin v. Freake, 650 F.2d 885 (7th Cir.1981), Jeffers' motion for appointment of counsel is DENIED