Ayfer YALINCAK, Petitioner,

v.

UNITED STATES of America, Respondent.

Civil No. 3:08cv412 (JBA).

United States District Court, D. Connecticut.

July 21, 2008.

Bernard M. Grossberg, Bernard Grossberg, Boston, MA, for Petitioner.

Calvin B. Kurimai, U.S. Attorney's Office, New Haven, CT, for Respondent.

## RULING ON PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

JANET BOND ARTERTON, District Judge.

Petitioner Ayfer Yalincak pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and was sentenced principally to 24 months' imprisonment. After completing that term of incarceration, she was taken into custody by U.S. Immigrations and Customs Enforcement. Yalincak has now moved to vacate her conviction and sentence under 28 U.S.C. § 2255 [Doc. # 2]. In her petition, Yalincak brings four claims: (1) the Government selectively prosecuted her in violation of her equal-protection rights; (2) her guilty plea was unlawfully induced; (3) the Government failed to disclose favorable evidence to her; and (4) she was denied the opportunity to appeal her conviction.

## I. Procedural Default

■ Yalincak did not appeal her conviction or sentence, and thus there has been no direct review of her claims here. Since a motion under § 2255 cannot be a substitute for an appeal, a claim not raised on direct review is procedurally defaulted unless the criminal defendant "establishes either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" *Zhang v. United States,* 506 F.3d 162, 166 (2d Cir.2007) (quoting *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). In this context, "cause" refers to "something *external* to the petitioner, something that cannot be fairly attributed to [her]." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The challenged defects are sufficiently prejudicial only if "they worked to [the petitioner's] *actual* and substantial disadvantage, infecting [the] entire [proceedings] with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Where the cause-and-prejudice standard has not been met, a court may grant § 2255 relief if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ Yalincak attempts to excuse her procedural default by linking her failure to appeal to her grounds for § 2255 relief. She argues that it was not apparent that she had been selectively prosecuted until

long after her time to appeal had expired following the entry of judgment on March 21, 2007. In addition, she claims she was forced to wait to appeal until the Government filed a § 5K1.1 motion on behalf of Hakan Yalincak (her son and co-defendant), which they did not do within the ten-day period she had to file her notice of appeal. Yalincak further urges that she is actually innocent of the crime to which she pleaded guilty, emphasizing (as she has previously) her comparatively minimal role in the fraudulent scheme.

These grounds are insufficient to overcome the bar of procedural default. In support of her selective-prosecution argument, Yalincak cites *Taylor v. United States*, 798 F.2d 271, 273–74 (7th Cir.1986), in which the Seventh Circuit held that a defendant had shown cause and prejudice through evidence that the prosecution had potentially misused its immunity power. Because the government revoked the immunity granted to another suspect after the defendant took his direct appeal, the court concluded that there was "adequate cause to raise the selective prosecution claim for the first time in a § 2255 motion." *Id.* at 274. Unlike in Taylor, however, there has been no similar change in circumstances in this case. Bernard Grossberg, counsel first to Hakan Yalincak and now to the Petitioner as well, submitted a declaration in which he asserted that "[a]t all times relevant, the Government repeatedly advised me that other individuals may be indicted." (Grossberg Decl. ¶¶ 13, 27.) Yalincak recalls the Government's representations differently, arguing that it "repeatedly assured the Court ... that others that were similarly situated would be indicted, and thus prosecuted." (Pet'r's Mem. at 20.) In response, the Government asserts that the case remains under investigation and claims that it "never represented ... that others *would* be

prosecuted, only that they *might* be." (Gov't's Resp. at 8.)

But whatever the nature of the Government's assurances about the scope of the criminal investigation, nothing has transpired or changed which constitutes "cause" sufficient to excuse Yalincak's failure to appeal. Her decision not to file a notice of appeal—a step she contends she could not take out of concern for the potential severity of her son's sentence—can be attributed only to her. In the plea agreement with the Government, Yalincak expressly reserved her right to appeal. (Plea Agmt. at 4.) When questioned by the Court during the plea proceeding, Yalincak responded that she understood this right. (Plea Hr'g Tr., July 13, 2006, 16:5–10.) She further stated that she had not been intimidated into pleading guilty, despite her current claim that Hakan induced her guilty plea. (*Id.* at 25:10–17.) The Court also emphasized the nature and timing of Yalincak's appellate rights during sentencing and repeated them at defense counsel's request. (Sent'g Hr'g Tr., Mar. 19, 2007, 164:23–165:20.) Yalincak now claims that she was faced with a choice between (a) having Hakan testify favorably at her sentencing, thereby putting at risk his obtaining a § 5K1.1 motion, and (b) proceeding without Hakan's testimony and thereby ensuring a more lenient sentence for him. Even accepting this premise, this is not evidence of improper inducement or prosecutorial misconduct. Thus, lacking sufficient cause, she may not pursue this claim for the first time here.

■ Because Yalincak's other grounds for post-conviction relief flow from the same events surrounding her plea and sentencing, they, too, fall short of demonstrating adequate cause. Furthermore, her "actual innocence" argument is belied by the facts she admitted during her plea colloquy more than two years ago (*see* Plea

Hr'g Tr., 39:13–40:16), notwithstanding what Hakan's testimony may have demonstrated about the extent of her involvement. Consequently, Yalincak is procedurally barred from proceeding with her § 2255 claims now having not first raised them on direct appeal.

## II. Petitioner's § 2255 Claims

The Court also concludes that Yalincak's § 2255 claims, even if not procedurally defaulted, are not viable on their merits. Like the selective-prosecution claim discussed above, each ground reduces to an argument that if only Hakan had been able to testify on the Petitioner's behalf, she would have received a more lenient sentence—or, as she suggests in her memorandum, been somehow exonerated. This is no more than an empty claim of innocence, lacking both factual and legal support. No hearing has been shown warranted on any of her claims.

■■ To state a claim of unconstitutional selective prosecution, a petitioner "must provide 'clear evidence' that the prosecutorial decision or policy in question had both 'a discriminatory effect and was motivated by a discriminatory purpose.'" *United States v. Alameh,* 341 F.3d 167, 173 (2d Cir.2003) (quoting *United States v. Armstrong,* 517 U.S. 456, 465, 468, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)). However, nothing in Yalincak's petition or memorandum suggests that the Government acted discriminatorily. She references her status as an immigrant of Turkish nationality who was not previously deported after she served her sentence on the prior felony and claims this status motivated the Government to prosecute her as a means of getting to her family, even though she had only minimal involvement. There is no basis on which to infer that the Government has acted improperly in prosecuting her for a crime to which she pleaded guilty, in exercising its prosecutorial discretion as to whether and when it would prosecute the various other people involved in the fraudulent scheme at the heart of this case.

■ Yalincak also claims that her guilty plea was unlawfully induced and that the Government withheld exculpatory evidence. If supported by evidence, these claims could be proper grounds for § 2255 relief. She discusses these two claims in tandem and summarizes the nature of them as follows:

> In sum, as noted in Mr. Yalincak's Affidavit, and the Bernard Grossberg Declaration, if Mr. Yalincak had been called as a witness, he would have offered exculpatory information with respect to the hedge fund fraud that Mrs. Yalincak was under indictment for.... In effect, if Mrs. Yalincak chose to go to trial, or chose to have her son Mr. Yalincak testify at her sentencing hearing, regardless of whether he testified fully and truthfully, she was explicitly under the impression, correctly or wrongly, that her son would not receive a substantial assistance motion and under the Government's Sentencing Guideline Calculation ... could have received a sentence of more than 20 years.... The Government threats and influence here to capture this guilty plea should not be condoned.

(Pet'r's Mem. at 38, 41–42.) In support of this, Yalincak cites *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), for the proposition that

> [a] plea of guilty entered by one fully aware of the direct consequences ... must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises),

or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

Such guidance makes clear that none of the hallmarks of prosecutorial over-reaching are present in this case. If a prosecution's threat to seek the death penalty if a defendant refuses to plead guilty (as in *Brady*) is not unlawfully coercive, *id.* at 758, 90 S.Ct. 1463, then the Government's allegedly coercive conduct here—namely, using the uncertainty of a § 5K1.1 motion for Hakan to preclude his favorable testimony on behalf of Petitioner—was also not improper.

Finally, Yalincak claims that she was denied her right to appeal. For all the reasons explained above with respect to her procedural default, this argument also fails as a substantive ground for § 2255 relief. The Court also denies her request for leave to appeal now because it is far too late and based on grounds lacking merit.

## III. Conclusion

Accordingly, Petitioner Ayfer Yalincak's Motion to Vacate, Set Aside or Correct Sentence [Doc. # 2] is denied. Because she has not made a showing of the denial of a constitutional right, a certificate of appealability will not issue. The Clerk is directed to close this case.

IT IS SO ORDERED.